## No. 8741.

### EDWARD KING VS. B. S. LABRANCHE, TAX COLLECTOR, ET AL.

Act of the General Assembly providing for a license for rice flumes inserted in the public levees is constitutional, and the parish ordinances under the provisions of said Act are legal and valid.

The Court is without authority to impose damages in the same judgment dissolving an injunction taken out to restrain the collection of a license.

A PPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Hahn*, J.

---

### *Alfred Shaw* and *Chas. A Baquié* for Plaintiff and Appellant:

Act No. 88 of 1880, so far as imposing other tax or license on rice growers for levee purposes than the State levee tax of Art. 213, the District levee tax of Art. 214, and the duty of excavating and constructing their own dolls and refilling them when disused, is unconstitutional. Also in requiring a license tax for continuing dolls previously in use as well as constructing new ones, the same being on an agricultural pursuit and in violation of Art. 206.

Section 6 of Act No. 88 of 1880 does not vest in the police jury the right to levy such tax or determine its amount.

Section 7 of said Act violates Art. 210, which forbids forfeiture and postpones sale for levee and other taxes till expiration of year; it would make the seizure at any time after 1st of May, without any judicial proceeding or process whatever, and with a pretended first lien and privilege upon the crops of the year.

No indication of the levy of a tax or license for levee purposes exists in the title.

The tax is not equal and uniform because not *ad valorem* upon property; not equal or uniform between rice growers and other cultivators needing and using irrigation, nor between rice growers themselves, and because based on depth excavated and refilled totally at their own expense, thus graduating their tax, not according to their property or gains, but their burdens and expenses.

The words, as hereinafter provided in Art. 204, Const. 1879, limit levee taxes to those enumerated in the Constitution.

The assessment and levy herein also violate Art. 202, not being exercised by the parish for its purpose; Art. 206, being greater than State levies, there being none for license, and Art. 5, Amendments of 1871 to Const. U. S.

Damages cannot be allowed where a money judgment has not been enjoined. 22 An. 286; 9 An. 203; 29 An. 630; 30 An. 742.

### *Jas. D. Augustin* and *N. St. Martin* for Defendants and Appellees:

1. Act No. 88 is constitutional; the title is sufficient, and the license tax provided for uniform. Weise vs. Sheriff, 34 An. 556.

2. Police Juries are vested with the control of levees, in their preservation and police, care and protection. Acts 1877, Extra Session, p. 214, Sec. 2; Acts 1878, Extra Session, p. 219, Sec. 10; Act No. 88, 1880, Sec. 1; Const., Art. 213; Parish vs. Treasurer, 34 An. 850, No. 9.

3. The rice flume tax is uniform on all those using public levees for the benefit of their crops, and is merely a means of providing for the expense of refilling old cuts, of keeping new ones safe; of inspecting same, and repairing damage they do of themselves.

4. The shutting up of an unsafe flume; the forfeiture of a license abused by the beneficiary during the flushing time, by the 1st of May, constitute necessary corollaries of the exercise of proper care of the levees, and cannot be assimilated to the enforced sale of real and personal property, to pay the taxes due thereon; the abolishing of the forfeiture of such property to the State merely changes the mode of enforcing the collection of the regular State and Parish taxes.

39

The opinion of the Court was delivered by

TODD, J.   The plaintiff appeals from a judgment dissolving, with damages, an injunction to restrain the collection of licenses demanded of him for six flumes constructed by him, and inserted in the public levee on the Mississippi river, for the purpose of irrigating his plantation in the Parish of St. Charles, on which crops of rice are grown.

The flumes were inserted, by permission of the proper parochial authority, prior to the year 1880.

The licenses mentioned were imposed by an ordinance of the Police Jury, passed in 1881, under authority of Act of the General Assembly No. 88 of 1880.

The payment of the licenses is resisted on the ground that the Act in question is unconstitutional, and the ordinance consequently illegal, null and void.

The Act 88 referred to is entitled :

" An Act to provide for the *protection* and *preservation* of completed public levees *in conjunction* with the Police Juries of the several parishes of the State, to prescribe the manner in which levees may be cut for *rice flumes*, roads and machinery, and *to provide means for the expenses attending this work*, and to provide penalties and punishments for the violations of the provisions of this Act, and for *violations of parochial ordinances* made in conformity with this Act."

The following are some of the Sections of the Act bearing on the question at issue :

Section first provides : " That the Police Juries of the several parishes of this State are *hereby invested* with the management and control of all completed public levees of this State which may require public care, for protection and preservation, and they are hereby *authorized* and *required* to *make such laws* as may be necessary and proper for their repair, preservation and protection, and to regulate the manner in which the same may be cut for rice flumes, or other purposes."

Section fifth provides : " That the Board of State Engineers shall prepare plans for rice flumes, to which all flumes must conform ; and that no one shall be permitted to insert in any public levee, any flumes or piping to be used in flushing rice fields or other purposes, unless, upon written application of the owner of the land, he shall have obtained the consent of the Police Jury, where the levee may be located, to permit him to make or use said flume or piping."

Section 6 enacts : " That in addition to the conditions prescribed in the preceding Section, the party applying for permission to cut the levee, and insert therein flumes or piping, shall pay previously into the Parish Treasury *an annual license* on each and every flume or piping used for the cultivation of a crop, a sum not exceeding the rate

of two dollars and fifty cents for every perpendicular foot of levee cut, counting from the bottom of the ditch or flume to the crown of the levee; and this license shall equally apply to rice flumes already in use at the passage of this Act; and the same shall be due and payable, between the first day of May and the first day of October, annually; and should any person fail to pay said license by that latter date, he shall forfeit his right to the said flume, and the same shall be closed at his expense."

Section 9 pointedly says: "That all money paid into the Parish Treasury for license for rice flumes, and 'for fines arising from convictions, as provided by the preceding Section, shall be set aside and used exclusively in taking out old and abandoned flumes, and *restoring the original condition of the levee, and for expenses of superintendence. and administration.*"

Section 10 provides for the appointment of a Levee Inspector and Superintendent of the construction of all new rice flumes and other cuts; for his services *he is to receive one-half of all sums annually collected from flume licenses.*

Section 11 takes care to provide: "That nothing in this Act shall be so construed as to give any individual a proprietary right in any public levee of the State, by the act of his paying any license for the privilege herein granted, and if the Board of Engineers or Police Jury, at any time, should condemn as unsafe any such opening in the levee, the license for the same shall be revoked on the return to the party of the full amount of the license which may have been paid for such privilege, and said authorities may, at any time, when any flume shall become unsafe, from decay of material or other cause, require the person using it to have same taken up and replaced in a secure and substantial manner, and they shall also require all parties to drain off from the foot of the levee, on the land side, the water that may accumulate there flowing from the flumes that they may use."

It is charged that, among other Articles of the State Constitution that the above Act is obnoxious to, it violates Art. 29, requiring that every law shall embrace but one object, and that object to be expressed in its title, and Art. 203, providing that taxation shall be equal and uniform.

In the case of Weise vs. Thibault, 34 An. 556, where the same question was presented, we held that the Act did not contravene either of these Articles.

It is also contended that the Act violates several other provisions of the Constitution, but the argument of counsel renders a consideration only of the following additional Articles necessary.

1. It is charged that it violates Article 206, because it is a tax on

agriculture, one of the occupations or pursuits exempted by said Article; and because it contravenes a further provision of the same Article, which declares that no political corporation shall impose a greater license than is imposed by the General Assembly for State purposes.

We cannot from any standpoint regard the license in question as a tax on agriculture or rice planting, as contended. Under the general laws conferring authority on the Police Juries over public levees looking to their preservation and repair, apart from the special statute referred to, it is obvious that they, the Police Juries, could absolutely prohibit the insertion of the flumes described in the levees. Indeed, it might be plausibly argued that the digging into the levees, necessary for the construction of these flumes, was hardly consistent with the duty imposed on the parochial authorities for their preservation. Such a process would certainly seem to weaken them, or impair the efficiency of the protection they are designed to afford; and to permit this to be done by persons engaged in rice culture, on condition even of paying a license, so far from affording a ground of complaint as being a tax on agriculture or rice planting, might be reasonably viewed as a direct encouragement of this species of agriculture. And if such a privilege is granted in favor of this particular pursuit, at the risk, to some extent at least, of injury to the public levees, and of lessening the protection they afford to the entire parish from inundation, it is certainly just that a charge or license should, at the same time, be imposed to provide the means for the additional supervision and expense necessary to avert any danger from the granting of the privilege, and the cutting or digging into the levees which it permits.

Nor is there any more force in the proposition that the ordinance imposing the license is illegal, for the reason that the State has imposed no such license. In fact, the proposition is founded upon a false assumption. The license, in truth, results directly and immediately from State legislation and may be properly viewed as imposed by State authority.

As already shown by the Sections of the Act quoted, the State has committed the care and protection of the levees to the parishes, and because of this has required (quoting from the Act) " that a party applying for permission to cut the levee shall pay previously into the parish treasury an annual license on each and every flume used for the cultivation of a crop." In other words, the State has exacted the license but directs it to be paid to the parish, in order to furnish or augment the means required to meet the expense that the increased care, vigilance and supervision over the levees make necessary. And it must be borne in mind that in this work of protecting and repairing and

guarding the levees, the parishes are but acting as State functionaries, and discharging in part the duties resting upon the State.

It is manifest, therefore, that this case does not fall within the scope and purview of that of Graves vs. New Orleans, 34 An. 840. In that case the State did not impose for State purposes the license therein involved, and neither directly nor indirectly delegated any power to the parishes or cities to impose such a license, and that by reason of such non-action and silence on the part of the State, there was no warrant for the authority exercised in that instance.

We find, therefore, that the Act in question is not in conflict with either clause of Article 206 of the Constitution.

2. It is next contended that the statute is repugnant to Articles 204, 213 and 214, limiting or restricting taxation for levee purposes.

It will plainly appear, from what we have said before, that this license cannot be construed to be for levee purposes, that is, for the construction or repairs of levees, but, on the contrary, is really a charge imposed on those who, for their own benefit and private purposes, may damage the levees by digging into them and inserting their flumes therein.

The license was designed to raise the means to procure the necessary additional supervision over the levees and render effective the safeguards against the dangers that might result from such injuries to them.

3. Article 210, which the Act is also charged with violating, does not refer to licenses, but to taxes on property.

There are other objections contained in the pleadings to this Act and ordinance, but as they are not urged in argument, we deem it unnecessary to notice them further than to say that, after due examination, we find them without force.

The damages should not have been allowed on the dissolution of the injunction. It was not an injunction taken out against a money judgment. 29 An. 630 ; 30 An. 742. In this respect the judgment must be amended.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be amended by rejecting the damages allowed upon the dissolution of the injunction, and as thus amended it be affirmed, costs of the lower court to be paid by the plaintiff and of this appeal by the defendants.