## No. 146.

SUCCESSION OF B. L. SAUNDERS.— ON OPPOSITIONS OF SAUNDERS HEIRS AND GEE HEIRS.

Successive decisions of this Court have established the doctrine that the prescription of judgments may be interrupted in the same mode and by the same means that prescription of other debts may be interrupted.

A former suit against the same defendant personally will interrupt prescription when the latter suit is against him as executor, and in it the heirs of the original plaintiff are plaintiffs and the form of the latter suit is an opposition to accounts, the thing demanded being the same in both.

The testimony of the defendant in this first suit is admissible on the trial of the second and its admissibility is not affected by the fact that the first suit was dismissed for want of jurisdiction.

49

The heirs of a decedent must recover the principal sum left in the executor's hands as the basis of a usufruct with interest from the usufructuary's death, and the heirs of the usufructuary are entitled to interest thereon from the time the executor ceased paying it to her death. The payment by the executor to the usufructuary of interest through several years is an election on his part to retain the fund at interest.

APPEAL from the Second District Court, Parish of Bossier. *Drew*, J.

*Watkins, Scarborough & Carver*, for Opponents and Appellees: .

1. Interest is due on any balance found to be owing by an administrator from the date of the judgment establishing the debt. The amount must be considered due *ex contractu*. 3 A.. 574, St. Andre vs. Rachal. ·

The syndic of a succession found, after an examination of his accounts, to owe a balance to the estate, should be condemned, like a creditor or executor, to pay interest thereon at the rate of five per cent. a year from date of judgment, 10 R., 479, Succession of Desorme ; 9 A., 376, Bass vs. Chambliss.

An administration will be condemned to pay interest on the balance shown to be due, though the petition contains no demand for it. 7 A., 69, Graves vs. Barnes ; C. P., 1007.

"An administrator owes but one account to the legal representatives of the deceased, and the judgment of court, rendered contradictorily with the heirs, should * * ascertain the balance due to the estate ; such balance bears interest at the rate of five per cent. from the time of rendering the account," etc. 12 R., 215, Succession of Thomas ; 36 A.; 240, Succession of Touzanne.

Sums of money, the usufruct of which has been given, shall be put out at interest on good security with the consent of the owner, or that of the judge. R. C. C., 563. And a failure to do so was a violation of duty by the executor and ·binds him for its payment.

2. Prescription begins to run against a right only when the power of enforcing the right has arisen. The right of the Saunders heirs was suspended until the death of the usufructuary; hence no prescription commenced to ·run until the death of the usufructuary. 32 A., 637, Perault vs. Perault ; 32 A., 1037, Succession of Farmer.

3. A suit to revive is not the only way of interrupting prescription against a judgment. It may be interrupted in the *same modes* as debts evidenced by written obligations. 34 A., 413, Levy vs. Calhoun ; 30 A., 1071, Succession of Patrick.

A suit brought in a court without jurisdiction interrupts prescription. R. C. C., 3518 ; 33 A., 848, Satterly vs. Morgan ; 27 A., 70, Sorrell vs. Laurent.

4. The judicial and extra-judicial declarations of a party, as well as his evidence on a former trial, are admissible against him. 7 R., 440, Closman vs. Barbancy ; 14 A., 727, Alford vs. Huey & Randolph.

A party is judicially estopped from disputing or gainsaying in one suit what has been alleged in another. 31 A., 81, Byrne vs. Bank ; 22 A., 251, Dalton vs. Viasca.

5. The executor must be sued for an account in the parish where the succession is under administration. 17 A., 277; 23 A., 568, 550.

6. Judicial admissions are .the highest evidence against a party, and are admissible, although the suit has been decided or discontinued. 5 R., 326 ; 3 A , 492; 5 A., 315 ; 4 O. S., 445 ; 1 N. S., 442 ; 5 N. S., 178 ; 1 R., 546 ; 12 R., 445, 558; 7 R., 438 ; 5 R., 4.

A witness's written evidence may be offered to discredit or contradict him. 7 O. S., 209 ; 3 R., 171.

7. A tableau of distribution when filed by an administrator must be advertised. R. C. C., 1064.

When heirs have presented themselves and demanded to be put in possession of the estate (R. C. C., 1193; P., 1000 *et seq.*), and the executor has filed an account, opposition may

be filed thereto after the lapse of three days, if the same has not been approved and homologated.   C. P., 1004; 9 La., 48 Longbottom vs. Babcock; 7 La., 344, Guffert vs. Minor; 25 A., 331, Succession of Hogan.

8. "The testimony of plaintiff in his own favor, to establish a large claim *against a succession* should be received with the *greatest caution*. It is, in itself, of the *weakest character* and unless *strongly corroborated*, cannot serve as a *basis for a judgment of recovery*.

"Under 2282 R. C. C. the circumstance of his being a *party* may diminish the extent of his credibility."

Again: ' It is not because a plaintiff swears affirmatively to the existence of a debt in his favor that the *court is bound* to take his testimony as conclusive.   Surrounding circumstances and the *absence* of *corroborating* proof may weaken it (particularly in a suit against a dead man) as to render it *insufficient* for a foundation for a judgment of recovery."   Cutler vs. Succession of Collins, 37 A., 95; Succession of Drum, Manning's Unreported Cases.

The doctrine announced in the two preceding cases is completely destructive of the testimony furnished by the unsupported affidavit of the executor's attorney, and on which he relies solely for judgment of over $6000.

## *Jack & Dismukes* for Defendant and Appellant:

"All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of said judgment unless revived." Art. 53, now Art. 3547, C. C.; 21 A , 295; 23 A , 587; 24 A., 211.

A judgment condemning an executor to pay to the surviving widow one-ninth of the net proceeds of the estate to be held in usufruct during life, and condemning the heirs for specific amounts in money previously received on partition *is a moneyed judgment* and subject to the ten years' prescription.   37 A., 221, and cases cited above.

Prescription on judgments can only be interrupted by proceedings of revival or by acknowledgments of the judgment debtor in writing.   30 A., 1071; 34 A., 413.   The right of usufruct expires in ten years by non-user.   C. C.

When a party has it in his power to administer evidence which will remove all doubts as to the matter of issue and fails to offer it, the doubts will be construed against him. 20 A., 363.

Every presumption will be adopted against a litigant who suppresses evidence that will illustrate his case.   2 A., 28; 7 R., 32; 1 A., 1; 5 A., 324; 6 A., 165; 7 A., 544; 10 A., 132.

In order that testimony taken in one case may be used in another the parties must be the same and the issues substantially identical.   16 A., 88; 7 R., 438; 1 A., 391; 7 A., 106 ; 14 A., 727; 24 A., 604.

In a proper case and under a proper showing, evidence taken in one case may be used in another, as where the witness is absent, sick, dead or insane, but the rule is not to be invoked at will and as of right to the surprise and detriment of the adverse party. 4 N. S., 449; 7 N. S., 267, 283; 1 L., 320; 15 L., 43; 1 A., 391.

Testimony taken in a case where the court was without jurisdiction *ratione materiæ et ratione personæ* is *coram non judice* and cannot be used in another case, especially where the parties and issues are different.   8 N. S., 449.

" The judicial confession must be taken as a whole; it cannot be divided."   C. C., 2291 ; see also C. P., 356; 4 R., 144; 9 R., 125; 20 A., 464-5; 3 N. S., 454; 9 R., 146, 163; 6 N. S., 533; 11 A., 380

Parts of records are inadmissible.   30 A., 29; 19 L., 526; 3 A., 594; 29 A., 213.

The opinion of the Court was delivered by

MANNING, J.   B. L. Saunders died in Bossier parish in 1852, and G. W. Thompson qualified as dative executor and sold the property of the

estate. The widow of Saunders, Hannah P. Gee, recovered a judg-
ment of the executor in 1854 for the usufruct of one-ninth of the prop-
erty. Gee v. Thompson, XI Ann., 657. She was unable to give
security and therefore the fund remained in Thompson's hands and he
paid her the annual interest to June 17, 1874. In 1882 she brought
suit in Natchitoches parish against Thompson to recover the interest
since that date which we dismissed last spring for want of territorial
jurisdiction of the lower court. These proceedings have the same
object, and as the usufructuary has died, the heirs of Saunders claim
the principal, viz the one-ninth of the estate left in Thompson's
hands.

The questions are presented in oppositions to the final account of
the executor which he filed in 1885 under a rule of the heirs.

Prescription is pleaded to the Gee judgment which was rendered in
December 1854. It is not denied that the judgment was regularly
paid up to June 1874. It was for interest on a specified portion of a
fund and was annually satisfied. If the judgment were prescriptible,
and the opponent Gee contends that it is not, being merely for the
recognition of a right of usufruct, it would begin to run from June
1874, and the suit in 1882 interrupted it under the doctrine of Suc.
Patrick, 30 Ann. 1075, recognized as established in Levy v. Calhoun,
34 Ann. 413.

It does not matter that the suit of 1882 was against Thompson indi-
vidually and this is against him in a representative capacity. The
cause of action is the same, the thing demanded is identical, and the
parties are substantially the same. Nor is the fact that the former
suit was in another court a prevention to its interruption of prescrip-
tion. Levy v. Calhoun, ut supra.

A preliminary question of the admission of Thompson's evidence is
presented. It was taken in the Natchitoches suit and he was not
present in the trial in Bossier whence this appeal comes. Its rejection
is claimed because the suits are not identical in cause of action or in
the parties, and was taken before a court without jurisdiction of the
suit.

The objections are not tenable. The evidence would be admissible
on the ground that it is the admissions of a party to the suit, Hood v.
Chamblis, 7 Ann. 106, but it is more. It is the declarations under oath
of the party himself touching the identical subject of this suit made in
another wherein his adversary was the same as now, and it is himself

Succession of Saunders.

that is objecting to hearing his own sworn explanations of his own long-past transactions and not his adversary.

The executor's liability for interest to the usufructary is denied, and in support of that position it is said that as the money was left in his hands because the usufructary did not give bond and withdraw it "the executor, whose relation to the fund is precisely that of owner, is no more obliged to put out the money at interest for the use and behoof of the usufructuary than he is to give the bond or special security for him."

The Code directs that money upon which there is a usufruct shall be put at interest with the consent of the owner and if he refuse, by authority of the judge. Rev. Civ. Code, art. 563. We do not find it necessary to say upon whom lies the duty of forcing the investment of the money, whether upon the executor or the usufructuary. The executor's counsel admits that his relation to the fund is that of owner, though of course the Saunders heirs were the ultimate owners of it, and as he failed to invest it in the obligation of any one else he must be held under the circumstances of this case to have invested it in his own, in other words to have retained the money in his own hands at interest. His conduct shows this to have been done. His payments of the interest through twenty years to the usufructary show his own construction of the matter, and his reasons for not continuing them will not bear scrutiny. He says he had in those twenty years paid Mrs. Gee more than the sum originally in his hands, as every one does who pays interest on a debt long enough. His contention is that the whole sum was absorbed by the annual payments to Mrs. Gee and therefore neither her heirs nor the Saunders heirs were entitled to anything.

The lower court gave judgment to the Saunders heirs for one-ninth of the estate, that being what had been left in the executor's hands, viz $3,444.44 with interest from judicial demand, and to the Gee heirs for the unpaid interest upon that sum from the time the executor had ceased paying her, this time being erroneously stated 1884 instead of 1874, from which latter date it should run. The interest in favour of the Saunders heirs should run from the usufructuary's death.

We do not think the judgment needs correction save in these particulars. There are some objections made to certain items of the account as not having any voucher. The business is of long standing, and the executor swears he paid them and has lost the vouchers.

It is ordered and decreed that the judgment of the lower court is amended so that interest upon the one-ninth of the estate shall run in favour of the Saunders heirs from the death of the usufructuary, and that the interest upon the same in favour of the Gee heirs shall run from June 17, 1874, to the death of the usufructuary, and as thus amended that it is affirmed.