## No. 11,677.

### W. W. BROWN VS. A. K. CLINGMAN.

The prescription of one year provided for in Art. 3536, Civil Code, commences to run from the date of the damages sustained by the act complained of.

The prescription is not uninterrupted until the plaintiff can get sufficient evidence to maintain his suit.

APPEAL from the Third District Court, Parish of Claiborne. Barksdale, J.

---

McClendon & Seals for Plaintiff and Appellant.

---

J. A. Richardson, J. E. Moore and J. W. Holbert for Defendant and Appellee.

---

The opinion of the court was delivered by

McENERY, J. The plaintiff sued the defendant to recover the sum of nine thousand nine hundred and thirty-one dollars and ninety-six cents for the destruction of his hotel and furniture by fire. The petition " alleges that in the summer of 1889 said A. K. Clingman set fire to and caused fire to be set to a house on the south side of the public square in the town of Homer, which house was burned; that said house was one of several wooden buildings— all in a row, close to each other; that the entire row of buildings was also destroyed by the same fire at the same time; that across the street from said row of buildings was one owned and occupied by your petitioner as a hotel, and known as the Brown Hotel; that said hotel was also burned and consumed by the same fire, and at the same time; that the burning of said hotel was the actual, immediate, direct and proximate result of the action of said Cling-man in setting fire to the house on the south side of the public square." The act of Clingman, the defendant, is characterized as

"unlawful, wanton and malicious." There was judgment for defendant in the lower court, from which the plaintiff appealed.

In this court the prescription of one year, under Art. 3536, Civil Code, is pleaded by defendant against the demand of plaintiff. The fire occured July 27, 1889. This suit was filed May 16, 1894, more than one year after the damage was sustained.

The plaintiff contends that the prescription only begins to run from a knowledge of the act complained of, and refers to the case of Byrnes & Co. vs. Creditors, 33 An. 198. In that case the confession of judgment, the act complained of, was filed on the 25th of April, 1879, when the plaintiff attempted to enforce it. It had no existence until filed, and it was only from this date that prescription could commence.

The prescription is not interrupted until the plaintiff can gather sufficient evidence to warrant the bringing of the suit.

The plaintiff, in his testimony, says: "I believed defendant had the town burned, or caused it to be burned, and I yet believe it as firmly as I believe the sun shines. I was satisfied of this in my mind, and have been ever since the fire. * * * I believe that defendant had the town burned—not from any actual knowledge or proof, but from the manner in which he talked to me about it. I did not find out until about February or first day of March, this year. Anybody would swear that he burned, or caused the burn. The first time I saw the document attached to deposition, purporting to be a sworn statement of John Dwyer, was in June of 1894. * * * It was in April that I discovered the evidence, but I was satisfied of the facts before that. The reason I did not bring the suit sooner is, I did not have any one by whom I could prove the facts."

The plaintiff's suit was filed after the confession of one Dwyer, implicating defendant in the burning of the town, and from this date, it is urged, prescription should commence to run.

The article of the Code on which the plea of prescription is based says it begins to run from the time the damage was sustained. Mestier vs. New Orleans, Opelousas & Great Western Railroad Company, 16 An. 354; Hotard vs. Railway Company, 36 An. 450; Gardiner vs. Succession of Scherer, 31 An. 527.

The damage to plaintiff, if caused by act of defendant, was sustained on the date of the fire. And plaintiff's testimony shows that

he believed defendant did the act, but at the time he did not have sufficient proof of the fact, and waited until the proof could be obtained.

The prescription pleaded must prevail.

Judgment affirmed.