No. 9555
Orleans

———

WARN v. MEXICAN PETROLEUM CORPORATION

———

(Jan. 3, 1927. Opinion and Decree.)
(Jan. 31, 1927. Rehearing Refused.)

———

*(Syllabus by the Court.)*

1. Louisiana Digest—Pleading—Par. 71; Prescription—Par. 218, 220, 224.

Allegations of a petition are taken as true for the purpose of a plea of prescription.

2. Louisiana Digest — Prescription — Par. 170.

The written acknowledgment of liability by a duly authorized agent will interrupt prescription.

3. Louisiana Digest — Prescription — Par. 168, 173.

Where a party lulls another into the belief that he will suffer no loss by inaction and thus induces him to refrain from claiming a debt, prescription will not begin to run until the other party is undeceived.

4. Louisiana Digest—Estoppel—Par. 38, 39; Prescription—Par. 144.

The doctrine, "contra non valentem agere non currit praescriptio", is not inconsistent with the laws of Louisiana or repugnant to our system of jurisprudence and will be enforced in proper cases.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Mr. and Mrs. James Warn, Sr., against Mexican Petroleum Corporation.

There was judgment for defendant and plaintiffs appealed.

Judgment reversed and case remanded to lower court for new trial.

Legier, McEnery & Waguespack, of New Orleans, attorneys for plaintiffs, appellants.

P. M. Milner, of New Orleans, attorney for defendant, appellee.

OPINION

JONES, J. On November, 4, 1922, plaintiffs filed their original petition, the material allegations being as follows:

1. That they were both of the age of majority and domiciled in the Parish of Orleans.

2. That the "Mexican Petroleum Corporation", a corporation organized under the laws of the State of Maine, doing business in the State of Louisiana, with an office in the City of New Orleans, was indebted to them in the sum of $2,192.00, under Act 47 of 1920, compensation for the death of their son, Levy Warn, who had been employed by the defendant corporation in June, 1921, as a laborer and had remained so employed until he was accidently killed in the course of his employment, on defendant's premises in the Parish of St. Charles, on November 4, 1921, while in the act of extinguishing a fire.

Plaintiffs pray that the "Mexican Petroleum Corporation", through its proper officers, be duly cited to appear and answer petition and that in due course there be judgment in favor of petitioners and against the "Mexican Petroleum Corporation" in the full and true sum of $2,192.00, with legal interest from judicial demand.

The three citations, which were issued on the day that the original petition was filed, namely, November 4, 1922, were each addressed to the "Mexican Petroleum Corporation", through its proper officer, and were served on that day.

One of the returns reads as follows:

"On the 4th day of November, 1922, I served a copy of the within citation and accompanying petition on Mexican Petroleum Corporation, defendant herein, through Henry H. Chaffe, one of its designated agents, leaving ·the same at his domicile, 1439 Josephine street, in the hands of Geza Loos, house worker, a person apparently over the age of sixteen years, living at said domicile, whose name and other facts connected with this service, I learned by interrogating the said Geza Loos, house worker; the said Henry H. Chaffe being absent from his domicile at the time."

The other two citations were served upon George Denegre, and Victor Leovy, on November 4, 1922.

On November 22nd, the defendant filed an answer, the first two paragraphs of which read as follows:

"Now into court comes the 'Mexican Petroleum Corporation', duly organized under the laws of the State of Maine, and for answer to the plaintiffs' petition says:

"Respondent admits that it is a corporation, organized under the laws of the State of Maine; that on May 9, 1915, it filed a copy of its charter in the office of the Secretary of State and designated by a power of attorney, George Denegre, Victor Leovy and Henry H. Chaffe, or either of them, as resident attorneys' in this city for the service of process, but respondent denies that it is indebted to the plaintiffs in any sum whatsoever."

Respondent then denies that plaintiffs' son was ever in its employ and avers that it has no knowledge of the other allegations in plaintiffs' petition, but denies them on information and belief.

On December 4, 1922, plaintiffs filed a supplemental petition, reiterating the allegations of their former petition.

Paragraphs two, three and four of this supplemental petition read as follows:

Par. 2. "That petitioners knew that their son, Levy Warn, had been in the employ of the 'Mexican Petroleum Corporation' at Destrehan, St. Charles Parish, Louisiana, from June, 1921, up to the time of the death, November 4, 1921; that they did, through others, subsequent to his death, take up with the representative of the 'Mexican Petroleum Corporation' the adjustment of their claim for the death of their son; and that during those negotiations the representative of the 'Mexican Petroleum Corporation' not only did not contend that petitioners' son was not in its employ, but on the contrary offered petitioners an amount less than petitioners thought they were entitled.

Par. 3. "That petitioners then employed undersigned counsel to represent them; that their counsel then wrote the Secretary

of State of Louisiana on June 2, 1922, as to the domicile of the 'Mexican Petroleum Corporation' and as to whom to serve process, all as will more fully appear by reference to copy of said letter annexed and made part hereof as petitioners' exhibit 'A'.

Par. 4. "In answer to said letter, petitioners' counsel received a letter dated June 5, 1922, from the Secretary of State of Louisiana informing him that the 'Mexican Petroleum Corporation of Portland, Maine', had appointed Messrs. George Denegre, Victor Leovy and Henry H. Chaffe of New Orleans, agents for service of process, all as will more fully appear by reference to the original letter, hereto annexed and made part hereof as petitioners' exhibit 'B'."

Petitioners then allege that they had filed the original suit on November 4, 1922, and that defendant, "Mexican Petroleum Corporation of Portland, Maine", had filed an answer on November 22, 1922, which was virtually a general denial; that said answer being irreconcilable with petitioners' dealing with "Mexican Petroleum Corporation", immediately after reading said answer, petitioners' counsel made a further investigation and ascertained from the public records of the City of New Orleans that a corporation had been formed in this state on February 5, 1918, by act before Felix J. Puig, notary public, with its domicile in the City of New Orleans, State of Louisiana, under the name of "Mexican Petroleum Corporation of Louisiana."

Petitioners then aver that the only information that they had prior to the placing of their claim in the hands of counsel was that their son had been employed by the "Mexican Petroleum Company"; that they did not know then and do not know now whether it was the "Mexican Petroleum Corporation of Portland, Maine", or the "Mexican Petroleum Corporation of Louisiana" that employed their son and

that their counsel believed from the letter from the Secretary of State that there was only one corporation doing business in this state known as the "Mexican Petroleum Corporation of Portland, Maine."

Plaintiffs then allege specifically on information and belief that the "Mexican Petroleum Corporation of Louisiana" is a subsidiary corporation of the "Mexican Petroleum Corporation of Portland, Maine", and that at least one of the officers of the "Mexican Petroleum Corporation of Louisiana" (to-wit: Henry H. Chaffe, Secretary and Treasurer) is the resident agent of the "Mexican Petroleum Corporation of Portland, Maine", upon whom citation has been served in this case, on November 4, 1922.

Petitioners then again aver that their son was employed either by the Maine or the Louisiana corporation at the time of his death, but that they do not know which and they pray that both corporations be served with supplemental petition and with original petition and for judgment against either one or the other of the corporations, as originally prayed for.

Citation accompanying the supplemental petition shows that it was served on the "Mexican Petroleum Corporation of Portland, Maine", through its attorney, P. M. Milner, and that it was served on the "Mexican Petroleum Corporation of Louisiana", on the 4th day of December, 1922, by leaving it at the office of the company at the Whitney Bank Building in the hands of G. C. Stein, Superintendent, the president and other officers being absent at the time of service.

On December 14, 1922, the "Mexican Petroleum Corporation of Louisiana, Inc.", through it counsel, P. M. Milner, filed exceptions as follows:

1. Defendant in the citation is denominated "Mexican Petroleum Corporation of Louisiana", but its correct name is "Mexican Petroleum Corporation of Louisiana, Inc."

2. This petition is irregular, null and void, because it is an attempt to graft on to a suit against the "Mexican Petroleum Corporation of Maine" a totally distinct judicial entity, a suit against exceptor.

3. Misjoinder of parties and prescription of one year.

On December 5, 1923, the plea of prescription was tried before Hon. E. K. Skinner, judge of Division "C", when plaintiffs' attorney, over objection of defendant's attorney, testified as follows:

(a) That the claim had been sent by a client in La Place, Louisiana; that shortly after getting the claim he had written to the Secretary of State for information and for the names of the agents and that the Secretary of State had answered, said letters being filed in evidence as exhibit "A" and exhibit "B".

His letter to the Secretary of State reads as follows:

"June 2, 1922.
"Honorable Secretary of State,
"Baton Rouge, Louisiana.
"Dear Sir:
"Please advise me at your earliest convenience where is the domicile of the Mexican Petroleum Co. and who it had designated as its agents in this State for the service of process.
"Thanking you in advance for this information, I am
            "Yours very truly,
                "(Signed) F. F. TIESSIER."

The reply of the Secretary of State reads as follows:

"Department of State
    "Baton Rouge, La.
            "June 5, 1922.
"Mr. Ferdinand F. Teissier,
"730 Gravier Street,
"New Orleans, Louisiana.
"Dear Sir:
"Replying to yours of June 2nd, beg to say that the records of this office show that the Mexican Petroleum Corporation of Portland, Maine, appointed George Denegre, Victor Leovy and Henry H. Chaffe New Orleans attorneys for service of process, on May 16, 1916.
            "Very truly yours,
            "(Signed) JAMES J. BAILEY,
                "Secretary of State."

(b) That in addition, he had before him information that his claim had been taken up before it came to him with the representatives of the "Mexican Petroleum Corporation" and the local surety company and that evidence is in the form of a letter, marked exhibit "C", of January 17, 1922, to Clarence Bougere.

The letter reads as follows:

"Maryland Casualty Company,
"F. Highlands Burns, President,
    "Home Office, Baltimore.

"New Orleans Claim Division,
    "Jefferies Brinton, Mgr.
"Suite 1218-25 Hibernia Bank Bldg.
            "New Orleans
                    "1-17-22.
"21-1359-Comp-50716-A
"Mexican Petroleum Corp.
    "Levy Warren.
"Mr. C. L. Bourgere,
"La Place P. O.,
"Louisiana.
"Dear Sir:
"We are in receipt of your letter of the 16th instant and while we do not understand exactly what interest you have in the matter, we can at this time advise you that your understanding that we propose to pay $10,000.00 is very much in error and our payments will be made in accordance with stipulations of the Louisiana

Compensation Act, as indicated in our letter of January 9, 1922.

"We would appreciate having you inform us just what connection you have with the case.

"Yours very truly,

"(Signed) E. F. NINE,

EFN:LH                    Mgr. N. O. Cl. Div."

Defendant's attorney objected to this document as being "res inter alios acta", but the court overruled the objection.

The attorney further testifies that after filing his original petition and having it served as shown above, that he thought he had done everything possible under the circumstances, but that the answer of the defendant corporation being so inconsistent with the evidence in his possession, he made further investigation of the matter and had found that there was a second corporation, called the "Mexican Petroleum Corporation of Louisiana, Inc."; that he then learned for the first time that there was a local corporation doing business in Louisiana at the date of Warn's death, other than the "Mexican Petroleum Corporation of Maine".

He then offered in evidence the charter of the "Mexican Petroleum Corporation of Louisiana, Inc.", and said charter was admitted in the evidence over the objection of the attorney for defendant. This charter shows that the "Mexican Petroleum Corporation of Louisiana" was incorporated on the fifth day of February, 1918; that it has a capital of $5,000,000.00, to be represented by fifty shares of stock of the par value of $100.00 each; that the corporation is organized primarily for the purpose of carrying on business of purchasing, selling and trading in petroleum of all grades and for the purpose of discovering, extracting, producing, refining oil, etc., along with many other powers.

The powers of the corporation are vested in a board of directors, to be composed of not less than three nor more than seven stockholders, who shall serve until the annual meeting, which is fixed for the second Monday of January each year; two of them forming a quorum, but if for any reason the election is not held, the directors shall continue in office until a new board is created. It is provided that five per cent of the outstanding capital stock shall constitute a quorum for the transaction of all business and that the board of directors shall have a right to fill any vacancy. The first board of directors and number of shares are as follows:

Walter R. Winship, 25, Whitney Building, President.

Charles E. Smith, 24, Destrehan, Louisiana, Vice-President.

Henry H. Chaffe, 1 Denegre Building, Secretary-Treasurer.

The last paragraph of the attorney's testimony reads as follows:

"It is admitted, subject to the objections originally made by the defendant, that if the plaintiffs were put on the stand they would testify that the only thing that they know about the case is that their son was employed at Destrehan by the 'Mexican Petroleum Company'."

After hearing the above evidence, judgment was rendered by Judge Skinner, on December 5, 1923, and signed on February 15, 1924, maintaining the plea of prescription and dismissing the plaintiffs' suit.

The sole issue before this court is the validity of the plea of prescription.

It is well established, in Louisiana, that the allegations of a petition must be taken as true for the purpose of a plea of prescription.

(See Foster and Glassell Co. vs. Knight, 152 La. 596, 93 So. 913, and the authorities cited there.) .

Therefore, the allegation that the "Mexican Petroleum Corporation of Louisiana" is a subsidiary of the "Mexican Petroleum Corporation of Portland, Maine", must be taken as true. It has been held that the separate corporate identity will be disregarded where the subsidiary is used as a mere instrumentality or agent of the parent corporation.

See Chicago, Milwaukee & St. Paul Railway Company vs. Minneapolis Civic Association, 247 U. S. 490.

See also Hart Steel Company vs. Railroad Supply Company, 244 U. S. 294.

Also Gulf Oil Company vs. Lewellyn, 248 U. S. 71, and U. S. vs. Lehigh Railway Company, 254 U. S. 253.

The allegation made in the supplemental petition, confirmed by the testimony of plaintiffs' attorney, quoted above, to the effect that the claim of plaintiffs had been taken up with the "Mexican Petroleum Corporation" and that during the negotiations the representative of the "Mexican Petroleum Corporation" offered plaintiffs an amount less than petitioners claimed, must be taken as true, particularly when said allegation is supported, in part, by the letter of the insurance agent, copied above.

If it be shown on further hearing of this case that the Maryland Casualty Company was the duly appointed agent of the employing company in this State for the payment of compensation claims and if it be further that the addressee of the above described letter, namely, C. L. Bourgere of La Place, Louisiana, was the agent of the plaintiffs for collection of this claim, as is apparently testified to by plaintiffs' attorney, then this letter would be acknowledgment, in writing, that something is due to the plaintiffs under the Louisiana Compensation Act and would estop the defendant from claiming the benefit of one year prescription.

In the case of Lemineux vs. Cousins, 154 La. 811, 98 So. 255, Judge St. Paul uses the following language:

"The original demand was made within a year, but the amended petition was filed only a year and three days after the occurrence; whereupon defendant pleaded the prescription of one year under the statute.

"We think that the district judge erred in sustaining the plea of prescription, and that the Court of Appeal properly overruled it, as the original demand interrupted prescription.

"In that original demand plaintiff set up all the facts necessary to show that he had some claim under the workmen's compensation law. It is true that he erred in the measure of his claim, but he showed an unmistakable intention to claim his dues, whatever that might be, and this we think was sufficient to interrupt prescription.

"In Vernon vs. Illinois Central R. Co., 154 La. 370, 97 South. 492, ante, p. 370, this court said:

" 'A citation to defendant, even though insufficient to support a judgment, will yet suffice to interrupt prescription, if it serve to notify such defendant of the nature and grounds of plaintiff's claim and that plaintiff means to assert the same.'

"And the court cited, support thereof, inter alia, Succession of Winn, 27 La. Ann. 687, wherein it was held that a rule on an executrix to file an account, if she had not sufficient funds to pay a claim, interrupted prescription as to such claim.

"The above view applies to all claims generally; but, with special reference to claims under the workmen's compensation law, this court held that, in view of the express provisions of the statute that amendments might be allowed at any time and that the technical and formal rules of procedure should not prevail in cases arising under the statute (Act 20 of 1914, 19

pars. 2 and 4), amendments might be allowed even in the Supreme Court itself, and that no informality in the manner of bringing the suit would operate to prevent the usual interruption of prescription by the filing of the claim. See Whittington vs. La. Sawmill Co., 142 La. 322, 76 South. 754; Norwood vs. Lake Bisteneau Oil Co., 145 La. 823, 83 South. 25.

"And in Colorado vs. Johnson Iron Works, 146 La. 68, 83 South. 381, wherein the court held that a petition which claimed damages under a general statute, but challenged the constitutionality of, and repudiated the workmen's compensation statute, showed no cause of action under the latter statute, this court nevertheless affirmed the judgment of the lower court which reserved the right of the plaintiff to proceed anew under the statute.

\* \* \*

"Accordingly, in Philips vs. Drilling Co., 143 La. 951, 79 South. 549, this court held that a petition which stated 'the nature of the dispute and the contention of the petitioner with reference thereto' was sufficient to state a cause of action under the statute. And we are therefore clearly of opinion that such a petition will, in any event, suffice to interrupt prescription against an action under the statute."

In Bourk vs. Sarpy, 30 La. Ann. 494, the Supreme Court held that verbal acknowledgment made by a debtor interrupts prescription as to all makers.

In 49 La. Ann. 501, 21 So. 617, In re Leeds, the Supreme Court held acknowledgment by one solitary debtor interrupts prescription as to all others.

The petition alleges that one of the officers of the "Mexican Petroleum Corporation of Louisiana" was a resident agent of the Maine corporation, and the attached documents show that Henry H. Chaffe was on the fifth day of February, 1913, the secretary and treasurer of the Louisiana corporation, was served on the fourth of November, 1922, with a copy of the original petition, as a resident agent of the foreign corporation. If it be shown on further trial of this case that the said Chaffe was on November 4, 1922, the secretary and treasurer of the foreign corporation, then the "Mexican Petroleum Corporation · of Louisiana, Inc.", had judicial notice of this claim, because the charter of the Louisiana corporation in Article Two distinctly holds that service may be made upon the secretary of the corporation in the absence or inability of the vice-president and the president.

In the case of Vernon vs. Illinois Central Railroad Company, 154 La. 370, 97 South. 493, the Supreme Court held that the service of a citation addressed to defendant railroad company, through the United States Director General of Railroads, was sufficient to interrupt prescription, and that this officer was sufficiently informed by the citation and petition served upon him of the nature of plaintiff's claim and the fact that she was demanding payment thereof.

In the course of this opinion the learned justice uses the following language:

"Article 3518, Revised Civil Code, reads as follows:

" 'A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.'

"Construing that article, this court has decided, in numerous cases, that a citation to defendant, no matter how informal or insufficient to serve as the basis of a suit and judgment, nevertheless generally sufficed to interrupt prescription.

"For the purpose of this case the following seem to us pertinent:

"In Blanc vs. Dupre, 36 La. Ann. 847, it was held that a suit instituted by a curator of a vacant succession, whose appointment was null, nevertheless interrupted prescription in favor of the heir; citing Flower vs. O'Connor, 17 La. 219, holding that—

" 'If it be established that the defendant had been judicially notified of the titles which are the foundation of the demand, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by suit, there results from said suit a legal interruption in favor of those to whom such rights belong.'

"In the last-named case the first suit had been brought upon a partnership claim by surviving partner, who did not have authority to represent the other parties in interest, but it was held nevertheless that such suit interrupted the prescription in favor of all parties.

"In Succession of Saunders, 37 La. Ann. 772, it was held that a suit against a person in his individual capacity interrupted prescription against him in his representative capacity, as executor of another, where the cause of action and thing demanded were the same.

"In Succession of Winn, 27 La. Ann. 688, it was held that a rule on an executrix to file an account and sell property if she had not sufficient funds to pay the claim interruped as to such claim.

"On the whole we think the Director General was sufficiently informed, by the citation and petition served upon him, of the nature of plaintiff's claim and of the fact that she was demanding payment thereof; in other words, he was 'cited to appear in a court of justice on account of' said claim, sufficiently interrupt prescription therein.

"Numerous decisions established a distinction between the technical sufficiency of a citation, as a basis for the maintenance of proceedings and judgment and its sufficiency for the purpose of interrupting prescription. Citation for the purpose of interrupting prescription need not be technically perfect in form or service. La. Dig., p. 717, S. 189; 6 id., p. 299, S. 193; Tessier's Digest, p. 45; Norwood vs. Lake Bistineau

Oil Co., 145 La. 829, 83 So. 25; State vs. Dyer, 154 La. 379, 97 So. 563; Bergstrom vs. Spielman, 158 La. 418, No. 7708, Bk. 56 Orl. App.; Babin vs. Lyons Lbr. Co:, 132 La. 876, 61 South. 855; King vs. Guynes, 118 La. 34, 42 South. 959.

* * *

In the case of Gueble vs. Town of Lafayette, 118 La. 494, 43 So. 63, quoted in Babin vs. Lyons, 132 La. 877, 61 So. 855, where the citation was addressed to, and served upon the mayor, the court said:

" 'There can be no doubt that through those papers he received judicial knowledge of the fact that the plaintiff had filed a demand against the town of Lafayette in the District Court, what that demand was for, and what the petition prayed for. He was fully informed on these points as if the citation, which he received, had been addressed to the town of Lafayette, and had been placed in his hands. He was the proper person and the only necessary person to whom that knowledge should be conveyed. The fact that the citation was not addressed to the town of Lafayette did not do away with the knowledge which the papers, which were actually served upon him, had conveyed.' "

In King vs. Gumnes, 118 La. 344, 42 So. 959, the court said:

"The law considers the fact that rather than the form of judicial notice in the matter of prescription. The word 'cited' as used in C. C. Art. 3518 has been construed to mean any kind of judicial notice which brings him to the defendant knowledge of the demand instituted against him, such as notice of seizure and sale in executory proceedings or seizure and notice under execution of twelve months' bond. King vs. Labranche, 35 La. Ann. 305; Boyd vs. A. & H. Heine, 41 La. Ann. 395, 6 So. 714; Becnel vs. Waguespack, 40 La. Ann. 112, 3 So. 536.

"A suit against the same defendant personally will interrupt prescription against him as executor. The cause of action is the same, the thing demanded is identical, and the parties are substantially the same. State vs. Jackson, 37 La. Ann. 769.

"In the case of Anding vs. Texas & Pacific Railway Company, et al., 158 La.

412, 104 So. 190, the defendant was in the first suit, the railway company, and the petitioners' citation was addressed to it and served upon the receivers. Though the railway company did not owe the claim, service upon the receivers, who did not represent the railway, was held sufficient to interrupt prescription of the suit against the receivers, who were third parties for the reason that the first citation and petition against the railway were served upon the receivers and fully informed them of the nature of the claim asserted by the plaintiff."

So in this case the citation and 'petition showing time, place and nature of accident were addressed to the "Mexican Petroleum Corporation" and were served on one, who was according to the supplemental petition at that time the secretary and treasurer of the Louisiana corporation. Certainly, if that statement be true, and for the purpose of this exception it must be taken as true, then the Louisiana corporation, through the very officer who ordinarily pays claims, had judicial notice of this claim.

Babin vs. Lumber Co., 132 La. 873, 61 So. 855:

"For the ordinary purposes of a suit and judgment a citation or judicial demand addressed to a person other than the one intended to be sued, though delivered to the latter, is ineffectual; but where such demand has been served upon the right person and conveys full information, a slight error in the designation or description of the person intended to be sued, which could mislead no one, will not prevent its interrupting prescription of the claim so demanded."

In the case of Odoberto vs. Virgin, No. 7986 of this court, Opinion Book 57, it was held as follows:

"Where a party lulls another into a belief that he will suffer no loss by his inaction and thus induces him to refrain from claiming a debt, prescription will not begin to run until the other party is undeceived."

See also Succession of Gilmore, 157 La. 133, 102 So. 94.

In this case the letter of the claim agent of the insurance company, quoted above, which plaintiffs' attorney offers as proof of his statement that the claim had been taken up with the "Mexican Petroleum Corporation" and the local surety company may well have lulled the plaintiffs into a false sense of security.

The evidence shows that plaintiffs knew at the time of the trial of this exception only one fact on this point, namely, that their son had been employed by the "Mexican Petroleum Corporation" at Destrehan, Louisiana, and both pleadings and evidence show that plaintiffs' attorney did not know, up to the time of the trial in the lower court, which corporation was actually the employer of the deceased.

Jones vs. Railroad, 125 La. 547, 51 So. 582:

"The uncertainty which precludes the coming into existence of a cause of action for damages, and which therefore prevents prescription from beginning to run, must not be confounded with the inability of plaintiff to procure the necessary evidence for establishing, in court, a cause of action known to exist. This is illustrated by the case of Brown vs. Clingman, 47 La. Ann. 26, 16 South. 564, where plaintiff knew that defendant was the incendiary who had set fire to his hotel, but could not prove it, and waited to bring his suit until he could secure the necessary evidence for making the proof, and the court sustained the prescription. If, in that case, the identity of the incendiary had been unknown, prescription could not have run, for the bringing of the suit would have been impossible. In Cox vs. Von Aslefeldt, 105 La. 543, at the bottom of page 560, 30 South. 175, the court alludes to a case where prescription was held not to run in favor of one who avoided citation by con-

cealment. In the same decision, numerous cases are cited where the principle 'contra non currit prescripto' was amplified."

In the case of McKnight vs. Calhoun, 36 La. 408, the Supreme Court held the doctrine, "contra non valentem agers non currit praescriptio", is not inconsistent with the laws of Louisiana or repugnant to our system of jurisprudence and will be enforced in proper cases.

For the reasons above set forth the judgment of the lower court is reversed and the case is remanded for further hearing in accordance with the above opinion.