ST. PAUL, J.
These two suits are by the same plaintiff, who was a widow when the first was filed and had remarried when she filed the second.
I.
In the first, she claims damages for the death of her minor son, killed through the alleged negligence of the defendant corporation on August 9, 1918, at a time when its railroad was under the control of, and operated by, the United States Director General of Railroads, pursuant to the proclamation of the President of the United States of December 26, 1917, and the Act of Congress of August 29, 1916 (U. S. Comp. 'St. § 1974a).
In Missouri Pacific Railroad Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, it was held that neither the common law nor the provisions of the Federal Control Act of March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115%a-3115%p), imposed any liability upon such railroad corporations while thus under federal control and operated by the Director General aforesaid.
Accordingly the judgment herein rendered against the corporation is erroneous.
II.
On November 3, 1920, more than a year after the death, plaintiff brought her suit against the Director General, based on the same cause of action.
To this suit the Director General pleads the prescription of one year, under C. C. art. 3536, which prescription plaintiff claims to have been interrupted for this, to wit, that on April 14, 1919, and within the year after the death, plaintiff had the petition in her suit against the corporation served upon the Director General together with a citation addressed to him and summoning him to comply with the demand contained in her said petition; which demand was one for a judgment against the corporation only.
We are of opinion, however, that this citation did interrupt prescription.
Article 3518, Revised Civil Code, reads as follows:
“A legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the ownership or of the possession; and the prescription is interrupted by such demand, whether the suit has been brought before a court of competent jurisdiction or not.”
Construing that article, this court has decided in numerous cases that a citation to defendant, no matter how informal or insufficient to serve as the basis of a suit and judgment, nevertheless generally sufficed to interrupt prescription.
For the purpose of this case the following seem to us pertinent:
In Blanc v. Dupre, 36 La. Ann. 847, it was held that a suit instituted by the curator of a vacant succession, whose appointment was null, nevertheless interrupted prescription in favor of the heir; citing Flower v.. O’Connor, 17 La. 219, holding that—
“If it be established that the defendant had been judicially notified of the titles which are the foundation of the demand, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by suit, there results from said suit a legal interruption in favor of those to whom such rights belong.”
In the last-named case the first suit had been brought upon a partnership claim by a surviving partner who did not have authority to represent the other parties in interest, but *373 it was held nevertheless that such suit interrupted the prescription in favor of all parties.
In Succession of Saunders, 37 La. Ann. 772, it was held that a suit against a person in his individual capacity interrupted prescription against him in his representative capacity, as executor of another, where the cause of action and thing demanded were the same.
In Succession of Winn, 27 La. Ann. 688, it was held that a rule on an executrix to file an account and sell property if she had not sufficient funds to pay the claim interrupted prescription as to such claim.
On the whole we think the Director General was sufficiently informed, by the citation and petition served upon him, of the nature of plaintiff’s claim and of the fact that she was demanding payment thereof; in other words he was “cited to appear in a court of justice on account of” said claim, sufficiently to interrupt prescription therein.
III.
On the merits, however, we think the case is with the defendant. The deceased was killed by being run over by one of defendant’s trains whilst he was riding in an automobile driven by a young friend. The alleged negligence of the defendant was that it failed to maintain a proper lookout on the far end of the train whilst backing over the crossing on which the automobile was struck.
. There was much testimony taken, but we think that the affirmative testimony of the flagman, the fireman, and the engineer must prevail over the negative testimony of the other witnesses. According to their testimony the flagman was stationed at the far end of the train, and saw the automobile when it was some distance away from the crossing, but approaching it rapidly; he whistled and signaled to the automobile to stop, and at the same time signaled the engineer to slow down, and immediately thereafter to stop; which however, he was unable to do within the distance to the crossing.
The flagman testifies (and the physical fact seems to corroborate him) that the automobile would have cleared the crossing but for the fact that it stopped upon the middle of the track in front of the oncoming train; which latter fact is also shown by testimony of foany other witnesses, although the record is barren of any evidence tending to show whether this was the result of the automobile engine “going dead” or of the driver becoming panic-stricken. At any rate, it is certain that this sudden stopping, of the automobile upon the track was the direct and only cause of the accident, which then became inevitable.
We do not think plaintiff has shown any negligence on the part of defendant.
Decree.
The judgments appealed from are therefore reversed, and it is now ordered that plaintiff’s demand in both these cases be rejected at her cost in both courts.