No. 3088

Second Circuit

MATTHEWS v. KANSAS CITY SOUTH-
ERN RAILWAY COMPANY

(March 12, 1929.   Opinion and Decree.)

Barksdale, Bullock, Warren, Clark and
Van Hook, of Shreveport, attorneys for
plaintiff, appellant.

Wilkinson, Lewis and Wilkinson, of
Shreveport, attorneys for defendant, ap-
pellee.

## STATEMENT OF THE CASE

REYNOLDS, J.   Mrs. Mary Eva Mat-
.thews, as mother and natural tutrix of
her minor children, .Mary Louise Matthews,
Alice Matthews, and Hayter Matthews,
issue of her marriage with Clyde Mat-
thews, deceased, on the 21st day of March,
1927, brought this suit against the de-
fendant, Kansas City Southern Railway
Company, to recover $70,000 as damages
for the death of her said husband and
father of said minors, which occurred on
February 12, 1926, and was caused, she
alleged, by the negligent operation, in the
city of Shreveport, La., of a train of cars
belonging to defendant by its servants.
   She also alleged:

"That petitioner, Mary Eva Matthews,
individually and in her capacity as mother
and natural tutrix of her said minor chil-
dren, filed this same suit against said
defendant Kansas City Southern Railway
Company, in the District Court of the
United States for the Western District
of Louisiana, Shreveport Division, on the
9th day of February, 1927, and that, upon
exception to said suit filed by counsel
for said defendant Kansas City Southern
Railway Company, the said suit was dis-
missed by said United States District
Court on the 19th day of March, 1927."

To this petition the defendant filed the
following plea:

"Now comes the defendant in the above numbered and entitled cause, and, without answering the demands in the plaintiff's petition contained, shows unto the court that if plaintiff ever had any right of action herein, which is denied, that the same has been barred and preempted by the failure of the plaintiff to assert said right within the space of one year, provided by article 2315 of the Civil Code of Louisiana; that, prior to the enactment of Act 71 of 1884 no right of action existed in this state for the death of a human being, and the granting of such right under article 2315 of the Civil Code must be strictly construed, and said right must be exercised within the time limit allowed by said article. That the petition herein shows that plaintiff's husband was killed more than a year prior to the institution of this suit. Wherefore defendant pleads in bar of plaintiff's cause or right of action the provisions of article 2315 of the Civil Code restricting the right to bring suit for the death of another to a period of one year, and prays that this plea be sustained, for all orders and decrees necessary, for cost, and for full and general relief."

On trial of the plea it was sustained and plaintiff's suit dismissed, and she appealed.

## OPINION

Article 2315 of the Civil Code reads as follows:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased; or either of them, and in default of those in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse together with minor children the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major chil-

dren only in those cases where there is no surviving spouse or minor child r children.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife, or brothers or sisters as the case may be."

Defendant, in brief, says:

"The authorities which we shall cite are all in accord to the effect that in this state no right of action existed for the death of a human being prior to the year 1884, and the statute passed in that year with amendments that have subsequently been made to the act should be strictly construed. These authorities furthermore hold that where any right or cause of action is granted by any statute and a time limit prescribed within which such right or cause of action might be exercised, time limit is considered as a period of preemption as contradistinguished from a period of prescription. If the period prescribed for the bringing of the action or the exercise of the right is a period of preemption, then no suit can be brought, nor can the right be exercised at any time following the expiration of the period, even though a suit may have been commenced within the period. In other words, the provisions of law relative to the interruption of prescription do not apply to statutes of preemption." (Boldface type ours.) And cites many causes in support of its contention, including the following: Van Amburg vs. V. S. & P. Ry. Co., 37 La. Ann. 650, 55 Am. Rep. 517; Kerner vs. Trans-Mississippi, etc. Co., 158 La. 853, 104 So. 740. Ashbey vs. Ashbey, 41 La. Ann. 109, 5 So. 539; Guillory vs. Avoyelles Ry. Co., 104 La. 11, 28 So. 899; Partee vs. St. Louis & San F. Ry. Co. (C. C. A.), 204 F. 970, 51 L. R. A. (N. S.) 721; Western oal & Mining Co. vs. Hise (C. C. A. 216 F. 338; Rodman vs. Missouri Pacific R. Co., 65 Kan. 645, 70 P. 642, 59 L. R. A. 104; Boston & Maine R. R. vs. Hurd (C. C. A.) 108 F. 125, 56 L. R. A. 193; McCan vs. Conery (C. C. A.), 12 F. 318; Theroux v. Northern Pac. Ry. Co. (C. C. A.), 64 F. 86; Harrisburg vs. Rickards, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358; and also the following authorities: Partee vs. St.

Louis & S. F. R. Co. (C. C. A.), 204 F. 970, 51 L. R. A. (N. S.) 721; 37 C. J. 686.

Answering this argument plaintiff, in brief, says:

"Counsel for defendant cited ample authority for the proposition that where a cause of action is created and in the same statute a term designated within which the cause of action must be asserted, such term is to be construed as a preemption rather than prescription, and that the filing of a suit does not interrupt the preemption.

"We have no argument as to this rule of construction or these authorities. Our contention is that they are not applicable to this case. The argument and authorities cited by counsel would be applicable if this were a suit of the widow and children as survivors and successors to the right of action which the deceased had for his injuries at the time of his death; if the right of action asserted was the right of action which survives in case of death in favor of the children and surviving spouse of the deceased.

"As to the cause of action which the deceased had and which survived in favor of designated beneficiaries, it might properly be argued that the time within which the cause of action may be asserted is embodied in the act granting the cause of action; that the cause of action itself ceases at the termination of the period of prescription; or, in other words, that the cause of action which the deceased had, as stated in the Article, 'shall survive in case of death * * * for the space of one year from the death'; that it survives for the space of one year and no longer and, therefore, at the end of the year from the death the cause of action is forfeited, prescribed and preempted.

"As above stated, however, this suit is on behalf of the widow and minor children under the second paragraph of article 2315, which provides 'the survivors above mentioned may also recover the damages sustained by them by the death of .the parent or child,' etc. This is a suit directly against the defendant for damages directly resulting to the plaintiffs by being deprived of the support, sustenance, love, affection, etc., of the deceased. There is nothing in the paragraph granting this cause of action, or within the period bounding the same, indicating to the slightest extent within what period of time this particular cause of action shall be asserted. There is nothing in article 2315 as amended indicating that his cause of atcion must be exercised within one year or within any other period of time. The suit is based on 'Quasi Offense' as designated in the Civil Code. The article of the Code giving the cause of action is under the head of 'Offenses and Quasi Offenses.'

"Under the head of 'prescription' article 3536 provides: 'The following actions are also prescribed by one year: That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.'

"As to the cause of action asserted in this petition: Quasi offense, pure and simple is alleged. No term is designated in the article granting the cause of action as to how long the cause of action may subsist; and the only prescription applicable is the prescription of one year from the date of the death applicable to all offenses and quasi offenses. There is no occasion to invoke the distinction between prescription and preemption or forfeiture. There is no distinction or point of differentiation indicated in the article as between a direct cause of action resulting from death and a cause of action resulting from any other 'act whatever of man that causes damage to another.'"

And she cites articles 3518 and 3551 of the Civil Code and Teutonia Loan & Building Co. vs. Connolly, 133 La. 401, 63 So. 63, and contends that, inasmuch as her action is based not on the first, but os the second paragraph of article 2315, it is limited not by the one-year preemption period controlling actions founded on the first paragraph, but by the one-year prescription of article 3536, and that, having brought her action in the District Court of the United States within one year of the death and subsequently dismissed it and recommenced it in the

state court within one year of the dismissal, though more than one year after the death, the running of prescription was, under article 3518, interrupted.

The right given by the second paragraph to certain persons "also to recover the damages sustained by them by the death" clearly is to be exercised by them in the same time and manner as the right given by the first paragraph on account of the death is to be exercised by those to whom it is given.

"Also" imports in like manner. State vs. Parler, 52 S. C. 207, 29 S. E. 651.

"Also," as used in a will, means in the same manner; and where a negro woman was given by a testator to his wife for life, and "also" a choice of any one of the other negroes, the wife took a life estate only in the negro selected by her. Hyman vs. Williams, 34 N. C. 92.

In a will providing that the testator's widow should have all his household goods and furniture, and "also" one-third of all the income of his estate during her widowhood, in lieu of dower, "also" means the same as "in like manner," and hence the widow was entitled only to a life estate. Morgan vs. Morgan, 41 N. J. Eq. 235, 3 A. 63; Words and Phrases, First Series, vol. 1, p. 359 et seq.

The amendment of 1884 to article 2315 created two rights in favor of certain beneficiaries for death by wrongful act, one for injuries suffered by the deceased himself and one for injuries suffered directly by the beneficiaries in consequence of the death, and it would be unreasonable to suppose that the Legislature intended to permit an action for one of the rights to be maintained after a longer time or under different conditions than an action for the other.

"When the language of a statute fairly permits, a construction which will lead to an unreasonable result should be avoided." R. C. L., vol. 25, p. 1018.

"When the Legislature has clearly laid down a rule for one class of cases, it is not readily to be supposed that in its choice of words and phrases, or in the enactment of various provisions in the same act, it has prescribed a different rule for another class of cases within the same reason as the first; a construction which will avoid such senseless discriminations should be adopted where the meaning of the statute as evidenced by its language is debatable." Id. 1024.

The case of The Harrisburg, 119 U. S. 199, 7 S. Ct. 140, 30 L. Ed. 358, was a suit by a widow and child to recover damages for the death of the husband and father, under a statute of the state of Pennsylvania which provided that:

"'The husband, widow, children, or parents of the deceased, and no other relative,' * * * 'may maintain an action for and recover damages for the death thus occasioned.' 'The action shall be brought within one year after the death, and not thereafter.'"

The action having been brought after a year from the death, the plaintiffs were non-suited, the court saying:

"The statutes create a new legal liability with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is condition attached to the right to sue at all. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right."

In Kerner vs. Trans-Mississippi Terminal Railroad Co., 158 La. 853, 104 So. 740, the Supreme Court of Louisiana said:

"There is no right of action at common law, and there was none under the Roman or the Spanish law, for damages caused by the wrongful or negligent killing of a human being, for the loss of his support, or for mental suffering inflicted upon any one surviving him, by his death. Hermann v. N. O. & C. R. Co., 11 La. Ann. 5; Earhart v. N. O. & C. R. Co., 17 La. Ann. 243; McCubbin v. Hastings, 27 La. Ann. 713; Vredenburg v. Behan, 33 La. Ann. 627; Van Amburg v. V. S. & P. Ry. Co., 37 La. Ann. 650, 55 Am. Rep. 517; Delisle v. Bourriague, 105 La. 77, 29 So. 731, 54 L. R. A. 420. Therefore a statute that gives the right of action to survivors of the person injured, in case of his death, must be construed strictly * * * and the rule applies as well to the right of action which the deceased person had for the injuries suffered by him as to the right of action for the damages suffered by the survivors mentioned in the statute. * * *"

Article 1987 of the Civil Code grants a revocatory action and provides it shall be brought within one year of the making of the contract sought to be annulled; and in Ashbey vs. Ashbey, 41 La. Ann. 102, 5 So. 539, which was an action under the article in behalf of a minor, to which a plea in bar that the act complained of had happened more than a year before the suit was interposed, it was contended that the delay of one year prescribed by the article does not apply to minors, against whom, under the provisions of articles 3522 and 3554, prescription does not run, and the court said:

"That proposition naturally suggests the inquiry whether the delay prescribed by the article is technically a term of prescription as contemplated in civil law. * * *

"The essence of prescription is that the party who invokes it as a remedy, thereby acquires the ownership of property, or is thereby discharged from a debt or obligation. * * *

"It would, therefore, seem that the lapse of time thus prescribed by the law is more in the nature of a term of for-feiture than a term of prescription. Nothing is acquired by the lapse of time, but a right is destroyed by inaction during the prescribed time. * * *

"We, therefore, feel fully warranted to conclude and to hold that the lapse of time prescribed by the article, within which to institute the revocatory action, is not suspended as to minors. * * *"

In Goodwin vs. Bodcaw Lumber Co., 109 La. 1050, 34 So. 74, which was an action under article 2315 by a widow for herself and her minor children for the death of the husband and father, and to which a plea of delay of more than one year after the death before bringing the action was interposed in bar, it was contended on behalf of the minors that not the one-year prescription, but article 3536, was applicable and that prescription did not run against them, under the terms of article 3522. The Court said:

"More than a year had elapsed at that time (commencement of the action) since the death of Goodwin. The present action is based upon those provisions of article 2315 which give a right of action for damages to the minor children and widow of a deceased person where death has been caused by the fault of another. By that article the right of action is given 'for the space of one year from the death.' The action is one ex delicto. * * *

Article 3522 of the Code, which establishes as a rule that minors and interdicted persons cannot be prescribed, modifies the generality of the rule by adding, 'except in the cases provided by law.' In cases like the present the right of action itself is conditioned upon its being exercised within a year from the time of death. Ashbey v. Ashbey, 41 La. Ann. 142, 5 So. 546; Chivers v. Rogers, 50 La. Ann. 57, 23 So. 100; Huberwald v. Orleans Ry. Co., 50 La. Ann. 477, 23 So. 474; Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175.

"We are of the opinion that the demand * * * was barred by the prescription of one year."

It would therefore seem that, since the operation of the preemption period of ar-

ticle 2315 is not limited by article 3522, it is not limited by article 3518 either.

The question whether the running of the preemption period of article 2315 is tolled by the commencement of an action within the year and its subsequent dismissal and recommencement within a year of the dismissal, but more than a year after the death, in virtue of article 3518, seems to be res novo in this state, but in a footnote to the case of Partee vs. St. L. & S. F. R. Co., 123 C. C. A. 292, 204 F. 970, as published in 51 L. R. A. (N. S.) 721, the editor states:

"The rule is well settled in a majority of the jurisdictions where the question has arisen, that, as a statute which creates a cause of action not known to the common law, and fixes the time within which an action must be commenced thereunder, is not a statute of limitation, but the right given thereby is a conditional one, and the commencement of the action within the time fixed is a condition precedent to any liability under the statute, a general provision of the limitation statutes for additional time within which to bring a new suit after the failure of a previous action for the same cause, notwithstanding the new suit would otherwise be barred, has no application to a purely statutory cause of action upon which the statute creating it provides that action must be brought within a certain time."

Partee vs. St. L. & S. F. R. Co., supra, was an action by an administrator to recover damages for the wrongful death of his intestate under a statute of the state of Oklahoma reading as follows:

"Section 5945. Action for Death—Limitation, etc.—When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed $10,000, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

The action was not commenced within two years after the wrongful act or death; but the plaintiff had commenced a similar action within the two years, had failed in that action otherwise than upon the merits and had commenced the new action within one year after the failure.

The defendant pleaded the two-year preemption period of the statute in bar of the right to maintain the action.

The plaintiff contended that the commencement of the action within the two-year period and its subsequent termination otherwise than on the merits and its recommencement within one year after the termination, though more than two years after the wrongful act or death, tolled the running of the preemption period, in virtue of other laws of the state reading as follows:

"Section 5547. Limitations.—Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

"Section 5555. New Action.—Limitation.—If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

The trial court sustained the defendant's plea.

The United States Circuit Court of Appeals, considering the contention, said:

"The complaint in this court is that the court below held that section 5555 was inapplicable to this action, and that it could not be sustained because the plaintiff failed to comply with the condition of its maintenance fixed by section 4945, which created it, failed to commence his action within two years of the wrongful act or death. In support of this complaint counsel argue that section 5555 is general in its terms and without exception, and that it should be held to apply to this and every action which is commenced within due time, wherein a judgment is reversed or the plaintiff fails" otherwise than "on the merits after the time limited has expired, and he brings a new action within one year after the reversal or failure.

\* \* \*

"Because a special act and a general law must stand together. the one as the law of its particular subject and the other as the general rule, unless it clearly appears that it was the intention of the legislative body to modify or repeal one of them, because it does not appear that the legislature of Oklahoma intended by section 5555 to annul or to modify the specific conditions on which new actions were created or permitted by special statutes, but that body seems to have enacted this section to extend the time fixed by the general statutes of limitation of the state for the commencement of the ordinary actions governed by that statute, and because it is expressly provided by section 5547, which is found in the same article as section 5555, that where in special cases a different limitation from those fixed in that article is prescribed by statute, as there is in this case, the action shall be governed by such limitation, and not by those prescribed in that article, the provisions of section 5555 are inapplicable to actions for death by wrongful acts, and neither modify nor extend the condition of these liabilities and actions fixed by section 4945. that they must be commenced within two years after the respective injuries or deaths. Rodman v. Missouri Pacific Railroad Co., 65 Kan. 645, 649-653, 70 P. 642, 59 L. R. A. 704; Gerren v. Railroad Company, 60 Mo. 405, 411; Theroux v. Northern Pac. Ry. Co., 64 F. 84, 85, 12 C. C. A. 52, 53; Anglo-American, etc., Co. v. Lombard, 132 F. 721, 751, 68 C. C. A. 89, 119; Atchison, T. & S. F. Ry. Co. v. Sowers, 213 U. S. 55, 70, 29 S. Ct. 397, 53 L. Ed. 695; Boston & Maine R. R. Co. v. Hurd, 108 F. 116, 125, 47 C. C. A. 615, 624, 56 L. R. A. 193."

And it was held that the action could not be maintained.

In Rodman vs. Missouri Pacific R. Co., supra, a similar contention was made by the plaintiff under statutes of the state of Kansas practically similar, if not identical, with those of the state of Oklahoma quoted, and the court held, we quote from the syllabus:

"Section 422 of the Civil Code creates a right of action for damages for death by wrongful act which did not exist at common law, and which does not obtain in the absence of such act. The limitation of two years prescribed in the act in which such action must be commenced is a condition imposed upon the exercise of the right of action granted, and this time is not extended by the pendency and dismissal of a former action, as provided in section 23 of the Civil Code."

The section 23 referred to is identical with section 5555 of the Oklahoma Code copied above.

The same question arose in Western Coal & Mining Co. vs. Hise (C. C. A.), 216 F. 338, under statutes of the state of Arkansas similar to those of Oklahoma and Kansas, and there was a similar ruling. The syllabus of that case is as follows:

"Kirby's Dig. Ark. section 5083, which is a part of the general statute of limitations and provides that if an action is brought within the time prescribed and the plaintiff shall suffer a nonsuit a new action may be brought within one year thereafter, does not apply to an action for wrongful death brought, under section 6290 of such digest, which makes the bringing of an action within two years an indispensable condition to the liability."

Our conclusion is that the right of

action granted by the second paragraph of article 2315 must be exercised within and is controlled by the one-year preemption period fixed in the first paragraph of the article, that article 3518 is inapplicable to periods of preemption, and that the recommencement by plaintiff of her action within one year after the dismissal of a former action by her for the same cause, but more than one year after the death, did not interrupt the running of the delay of one year allowed by the article in which to commence the action.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.