## MITCHELL v. SKLAR.
### No. 6017.

Court of Appeal of Louisiana. Second. Circuit.

March 6, 1940.

Rehearing Denied April 4, 1940.

Writ of Certiorari and Review Denied May 27, 1940.

Wood & Wood, of Leesville, for appellant.

Olin D. Moore, of Many, and Wilkinson, Lewis, Wilkinson & Naff and John M. Madison, all of Shreveport, for appellee.

TALIAFERRO, Judge.

On November 30, 1937, plaintiff filed suit to recover workman's compensation on the basis of permanent total disability. He avers that he was injured on or about August 25, 1937, while performing the duties of his employment with the Louisiana Iron & Supply Company, alleged to be a Louisiana corporation. Citation was directed to the alleged employer and personal service was made by delivery of citation and copy of the petition to Sam Sklar, "President".

No action, it appears, was taken in the case until May 28, 1938. On that date a supplemental petition was tendered and allowed filed. It relates to the character of injuries only. Service thereunder was made in the same manner as was done under original petition.

On December 12, 1938, Sam Sklar, individually, came into court and excepted to the original and supplemental petitions

on these grounds, to-wit: "That this suit is sought to be brought against the Louisiana Iron and Supply Company, a Louisiana corporation. Appearer shows that there is not and never has been a Louisiana corporation by the name of Louisiana Iron & Supply Company. Appearer further shows that he is doing business in Louisiana under the trade-name of Louisiana Iron and Supply Company, and was served with a copy of the petition in the above styled cause."

The exception is of the character commonly referred to as "nul tiel" corporation. It was sustained on January 17, 1939, and the suit dismissed at plaintiff's cost. This judgment is in effect a non-suit. McCoy v. Arkansas Natural Gas Company, 184 La. 101, 165 So. 632; Callender v. Marks, 185 La. 948, 171 So. 86.

On January 18, 1939, the present suit was filed against Sam Sklar, alleged to be doing business under the trade-name of "Louisiana Iron & Supply Company". The facts descriptive of the cause of action in the suit at bar are virtually identical with those of the prior suit. The filing of the original and amended petitions in the prior suit, citation thereunder, and the disposition of the case, are all specifically alleged upon; also, that through error in the former case, plaintiff's counsel alleged that the Louisiana Iron & Supply Company was a corporation, whereas that designation was only employed by Sam Sklar as a trade-name; "that service of the petitions and citations in said prior suit were made upon Sam Sklar, defendant herein, who thereby had knowledge of petitioner's claims and demands". These allegations are designed to serve as a basis for the interruption of prescription on the cause of action alleged upon.

To the present suit, the defendant interposed a plea of prescription of one year which was sustained, and plaintiff appealed.

In this court, appellee excepted to the petition as disclosing neither a cause nor a right of action, because, as this suit was filed over sixteen months after the occurrence of the alleged accident, the cause of action alleged upon is barred by the peremption of one year established by Sec. 31 of Act 20 of 1914, as amended.

Replying to the contention under this exception, plaintiff argues that notwithstanding the erroneous designation of the de-fendant in the first suit, inasmuch as the services therein were made upon Sam Sklar, the true defendant, that thereby the current of prescription was interrupted or the limitation of one year fixed by said Sec. 31, as amended (if such be held to be a peremption), was tolled, for the period of pendency of the first suit.

Sec. 31 of Act 20 of 1914, as amended by Act 85 of 1926 and by Act 29 of 1934, provides the conditions and limitations as to time within which an action to recover compensation by an injured employee or his dependents in case of death, shall be instituted. It reads so far as is needful to this case, as follows: " * * * That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death of [sic] the parties shall have agreed upon the payments to be made under this Act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act."

Sec. 17 of the Act is not to any degree relevant to the facts of this case, but Sec. 18 is. This section recites that in case of dispute over or failure to agree upon a claim for compensation between employer and employee, or the dependents of the latter, either party may present a verified petition to a judge of competent jurisdiction, setting forth: " * * * the names and residence of the parties and the facts relating to the employment at the time of the injury, the character and extent of the injury, the amount of the wages being received at the time of the accident, the knowledge of the employer or notice of the occurrence of the accident and injury, and such other facts as may be necessary and proper for the information of said Judge, and to give the other party sufficient information to enable him to intelligently answer and defend the complaint, and should state the matter or matters in dispute and the contention of the petitioner with reference thereto, including all facts which are in this act or in any subdivision thereof, made conditions under which compensation may be granted."

Plaintiff's petition in the first suit fully meets the quoted requirements of the act, save in that he described the named defendant, the Louisiana Iron & Supply Company, as being a Louisiana corporation.

Had this corporate reference not been made, no reasonable objection to the petition's adequacy could have been raised. A judgment against the Louisiana Iron & Supply Company, based upon a citation served upon its sole owner, Sam Sklar, would certainly have been binding upon him.

■■■ At any time prior to the dismissal of the suit, the petition could have been amended so as to reflect the true facts, thereby saving its dismissal and obviating the bringing of the suit anew and this, too, notwithstanding the passing of more than one year after the accident. Amendments are permissible at any stage of such a case, even in the Supreme Court.

Sub-Section 2 of Sec. 18, Act 20 of 1914, as amended. Lemieux v. Cousins, 154 La. 811, 98 So. 255; Whittington v. Louisiana Sawmill Co., Ltd., 142 La. 322, 76 So. 754.

Had this course been adopted, it is improbable, in view of the several court decisions pertinent thereto, that it would now be contended that plaintiff's claims had prescribed or his right of action to sue thereon, perempted, simply because the amendment was offered more that one year subsequent to the accident and injury. The following cases would negative such a contention: Brown v. Goodpine Lumber Co. of Louisiana, Inc., 8 La.App. 123; Lemieux v. Cousins, supra.

These cases involve compensation claims. The reports contain scores of cases supporting the principle discussed wherein damages for tort were sued for.

■■■ In view of the foregoing conclusion, and the jurisprudence referred to, can it be said that because the deficiency in the petition in this case was not cured by amendment but by a separate suit, the rule is different? We do not think so.

The first suit by plaintiff was surely a "proceeding" begun in the manner outlined in Sec. 18 of the Workmen's Compensation Law. It was filed long before the expiration of the year following the accident. But appellee would entirely efface from consideration the fact that a prior suit on the same cause of action had been filed, and argues that as the limitation contained in said Sec. 31 is one of peremption, not prescription, and the present suit being filed more than one year after said accident and injury, that plaintiff's action is dead—no longer exists. To support this

position the recent case of Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415, and cases therein cited, is relied upon.

The court in the Brister case held squarely that said Sec. 31 is clearly a statute of peremption. It was as definitely held in Norwood v. Lake Bisteneau Oil Company, 145 La. 823-827, 83 So. 25, 27, that this law "is a statute of limitation, or prescription liberandi causa." In many other cases it has been likewise referred to. For the purposes of the present case, we deem the distinction unimportant. If a statute of prescription, the current thereof under certain facts may be interrupted; if a statute of peremption, its term, under like facts, may be tolled.

It is also held in the Brister case that since fifteen months elapsed in which no compensation payments were made to plaintiff, the injured employee, and no agreement having been entered into for additional payments, the right of plaintiff to recover was "forever barred"; the cause of action "no longer exist[ed]; it [was] lost." [183 La. 562, 164 So. 416.] It was also held that payments made after the extinction of the right of action were nothing more than gratuities; that such payments did not and could not have the effect of reviving the "lost" cause of action. That case is not controlling of the present one. The facts are entirely dissimilar.

It has often been held that Art. 2315 of the Civil Code is a peremption statute, yet we find it has also been held in many cases thereunder that the rules pertinent to amendments of petition and to interruption of prescription generally have been applied therein. Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Smith et ux. v. Monroe Grocery Co. et al., La.App., 171 So. 167, and cases cited therein.

In Vernon v. Illinois Central Railway Company, 154 La. 370, 97 So. 493, it was held that a prior suit by the same plaintiff on the same cause of action against the railway company while being operated by the Director General, interrupted prescription on the claim and the court maintained the latter suit against the Director General only which was filed more than one year after the death of plaintiff's son. However, the court seems to have considered only the plea of prescription filed therein in the light of Civil Code, Article No. 3536.

If a petition in a suit to recover damages for the negligent killing of a person can

be amended after the lapse of one year from death so as to relieve it of fundamental defects and cause it to disclose a cause of action not previously made clear, the right to do so must be based upon the legal proposition that the filing of the suit interrupted, or held in suspense, the original term within which the right of action sought to be enforced could be judicially asserted. There seems no escape from the conclusion that the filing of the defective petition in such a case automatically produces a definite result as regards the question of limitation, which result subsists co-extensively with the pendency of the suit. It does not follow, it seems to us, that this result would or should be effaced completely, cease to exist for all purposes, in case the suit is dismissed after being amended or without such being done. It would seem illogical, at least, to assert that on account of the interruption or suspension of the limitation by filing a defective petition, that the benefits flowing therefrom may be availed of by indirection only.

It does not appear that the question presented herein has been passed upon by the Supreme Court of this state; nor has that court considered such a question in connection with Art. 2315 of the Civil Code.

This court in Matthews v. Kansas City Southern Railway Company, 10 La.App. 382, 120 So. 907, held: "Running of the peremption period of one year under Rev. Civ.Code, art. 2315, in which to commence action to recover damage sustained by survivors by reason of death, was not tolled by commencement of an action in federal court within one year and subsequent dismissal and recommencement of an action in state court more than a year after the death, in that article 3518 was inapplicable to period of preemption which controls rather than prescription of one year under article 3536."

We do not know whether a writ of review was applied for in that case or not.

Judge Dawkins in Brandon v. Kansas City Southern Railway Company, D. C., 7 F.Supp. 1008, 1009, declined to follow the Matthews case, supra, and specifically held that the filing of a suit under Art. 2315 of the Civil Code, dismissed for misjoinder of parties, had the effect of interrupting the current of prescription, and maintained a second suit on the same cause of action, although filed more than one year after the death for which damages were claimed. Mary Blume v. City of New Orleans, 104 La. 345, 29 So. 106, is cited to support this holding. Commenting upon the cited decision Judge Dawkins said: "It is true that the Blume Case quoted from above was by the injured party herself, but I can see no reason for a different rule, either as to the action in favor of the injured person which survives in others at his death or their independent cause of action which is given in the second paragraph of article 2315."

Mr. J. H. Kipper, Jr., in the Tulane Law Review, Vol. 9, pages 285–287, has an interesting discussion of the Brandon case and the legal principle upon which it is based. We copy the following part of his article for the light it throws upon the subject: "Therefore, it would seem that the instant case was correct in holding that the plaintiff's action interrupted prescription. However, it has been held that Louisiana Act 71 of 1884, amending Article 2315 of the Civil Code so as to make the right of action thereby given hereditable, by providing that 'the right of this action shall survive in case of death * * * for the space of one year from the death', established not a prescription period but a peremptory period. Matthews v. Kansas City Southern Ry., 10 La.App. 382, 120 So. 907 (1929). The basis of this decision is the rule, frequently applied in other jurisdictions, that when a statute creates a right of action not known to the common law, and fixes a time within which the action shall be brought, bringing the suit within this period is a condition precedent. See Note, 51 L.R.A.(N.S.) 721 (1914). This rule is not applicable in Louisiana, where the entire system of law is statutory. It is, moreover, contrary to the express intention of the Code. Art. 3533, La.Civil Code of 1870. It is submitted that the purpose of the legislature in repeating the one year period in the act amending Article 2315 was to provide that it should begin to run from the date of the death, and that Article 2315 as amended is still subject to the provisions of Article 3536. Myers v. Gulf Public Service Corp., 15 La. App. 589, 132 So. 416 (1931); Vernon v. Illinois Cent. Ry., supra; see Laurent, op. cit. supra, no 374, p. 394. Louisiana Act 39 of 1932, which provides: 'that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions * * *', was disregarded in the

opinion, but would not have affected the final result of the instant case."

We feel impelled to overrule the Matthews case in the respect above mentioned, as not correctly reflecting the law of this state on the subject.

We are now brought to the question whether the services made under the original and amended petitions were sufficient to interrupt prescription as regards the defendant, or to toll the limitation prescribed for the filing of actions under Sec. 31 of the Workmen's Compensation Law. In view of the many pronouncements of our court in cases involving facts so very much similar to those herein, there seems little or no doubt of the efficacy of the said services to accomplish the result plaintiff contends for.

Copies of the petitions and citations were delivered by the sheriff into Sam Sklar's hands. He was then and is now the sole owner and proprietor of the business conducted under the appellation "Louisiana Iron & Supply Company". He knew it was not a corporation and that the reference to it as such was purely error. The petition definitely impressed him with knowledge that plaintiff was seeking to hold the Louisiana Iron & Supply Company responsible for the compensation described in the petitions and that if successful, ultimately, he would have to respond to judgment. He knew of the nature and extent of plaintiff's demand, and the fact that the returns on the citations state that services were made on him as "president" does not alter the situation so far as concerns the sufficiency of the services to interrupt the current of prescription, etc. These services, while not adequate to base a judgment upon, possessed virtue for other purposes.

In Callender v. Marks, supra, the court states the rule tersely: "Citation, though insufficient to support judgment, will interrupt prescription if it notifies defendant of grounds of plaintiff's claim and that he is asserting that claim (Rev.Civ.Code, arts. 3536, 3537)."

Vernon v. Illinois Central Railway Comany, supra is referred to as supporting the rule. It was held therein: "A citation to defendant, even though insufficient to support a judgment, will yet suffice to interrupt prescription, if it serve to notify such defendant of the nature and grounds of

plaintiff's claim and that plaintiff means to assert the same."

In Norwich Union Indemnity Company v. Judlin & Whitmire, 7 La.App. 379, it was held: "A citation addressed to and served on Peter Judlin, though not sufficient to base a judgment against Peter Judlin, Inc., was sufficient to interrupt prescription against the latter."

Cases of similar character are many, including the following: Babin v. Lyons Lumber Co., Ltd., 132 La. 873, 874, 61 So. 855; Anding v. Texas & P. Railway Co. et al., 158 La. 412, 104 So. 190; Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63.

For the reasons herein assigned, the judgment appealed from is annulled, reversed, and set aside, and this case is remanded to the lower court for further proceedings. Costs of appeal are assessed against the defendant.