[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 447 
On or about November 27, 1936, while in the employ of L.T. Campbell under a Louisiana contract, Frank Harris was injured in Cass County, Texas. On March 6, 1940, Harris filed suit in the District Court of East Baton Rouge Parish against the executors of the estate of L.T. Campbell and his insurance carrier, the Traders General Insurance Company of Dallas, Texas. The insurance company, which was the only defendant cited and served, filed an exception to the jurisdiction of the court ratione personae, which was overruled. The company then filed a plea or exception of peremption, which was sustained and the suit was dismissed. On appeal to the Court of Appeal for the First Circuit, the judgment of the district court was affirmed by a divided court. Plaintiff *Page 448 
applied to this Court for a writ of certiorari which was granted and the case is now before us for review.
The case presents only a question of law. It involves the interpretation of Sections 31 and 18 of Act 20 of 1914, with amendments, the Workmen's Compensation Law of this State.
Section 31 limits the time within which a suit for compensation may be brought. Section 18 prescribes the procedure to be followed in bringing a suit under the statute.
The facts as found by the Court of Appeal are accepted as correct by relator. For convenience we quote them in full:
"It appears that the plaintiff was employed in Caddo Parish Louisiana, in the motor transportation business, by L.T. Campbell, a resident of Gregg County, Texas, and that the said Campbell carried workmen's compensation insurance under the terms of the Louisiana statute with the defendant insurance company, a corporation domiciled and having its principal place of business out of the State, but doing business in the State of Louisiana.
"It further appears that plaintiff was injured in Cass County, Texas, on or about November 27, 1936, while in the employ of the defendant, L.T. Campbell, for which injuries he is now seeking compensation.
"It further appears that the plaintiff first filed his claim for compensation with the Industrial Accident Board of Texas, and, upon being denied relief by that agency, on October 13, 1937, filed suit against the legal representatives of Campbell, he having *Page 449 
died in the meantime, and against his insurer, in the District Court of Gregg County, Texas, praying for compensation under the terms of the Louisiana Workmen's Compensation Law. The defendants filed a general demurrer to this suit, based, in the main if not entirely, on lack of jurisdiction of the Texas Court. The demurrer was sustained and plaintiff's suit was dismissed on January 15, 1938.
"After the dismissal of his suit by the District Court of Gregg County, Texas, plaintiff filed suit, on February 15, 1938, in the District Court of Caddo Parish, Louisiana, obviously with the hope of obtaining personal service on the legal representatives of L.T. Campbell, which hope was never realized. The insurance company was cited through the Secretary of State of Louisiana, and made a special appearance to enter an exception of no jurisdiction ratione personae, which exception was properly sustained by the Caddo Parish Court.
"On March 6, 1940, while the suit was still pending in Caddo Parish plaintiff filed his suit in the District Court of East Baton Rouge Parish, and was there met (1) with an exception of lis pendens based on pendency of the action in Caddo Parish; (2) with an exception of no jurisdiction ratione personae and ratione materiae; (3) exception of vagueness on the ground that plaintiff's petition failed to state whether the accident occurred in Louisiana or in Texas; and (4) a plea of one and two years peremption.
"The plea of lis pendens was abandoned upon the dismissal of the suit in Caddo *Page 450 
Parish. The exception to the jurisdiction was also dismissed, on the ground that the insurance company could be sued in East Baton Rouge Parish, the domicile of the Secretary of State, its process agent. The exception of vagueness was sustained and plaintiff given ten days in which to amend his petition, and it was then agreed between the parties that the accident occurred in Cass County, Texas, in satisfaction of the plea of vagueness. The plea of peremption was sustained, and it is from the judgment sustaining this plea that plaintiff appeals, and consequently the only question before us is whether or not plaintiff's suit was perempted."
The plea or exception of peremption was filed by the defendant insurance company on the theory that the suit was not instituted until approximately forty months after the accident in which plaintiff was injured; that under Sections 17, 18 and 31 of Act 20 of 1914, as amended, all claims for compensation are barred unless within one year after the accident the parties agree upon the payments or proceedings have been begun.
Plaintiff's position is that Section 31 of Act 20 of 1914, as amended, is a statute of prescription and not of peremption, but that in any event the peremption or prescription was interrupted by the proceedings in Texas and the suit filed in the district court for the Parish of Caddo.
The Court of Appeal held that Section 31 is a statute of peremption and not of prescription and that the peremption was not defeated by the suits filed in the district courts of Gregg County, Texas, and *Page 451 
Caddo Parish, Louisiana. In support of its holding, the Court of Appeal relied upon the decision of this Court in Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415, and the decision of the Court of Appeal for the Second Circuit in Matthews v. Kansas City S. Railway Co., 10 La.App. 382, 120 So. 907.
The Matthews case was expressly overruled by the Court of Appeal for the Second Circuit in the case of Mitchell v. Sklar, 196 So. 392, in which a writ of review was denied by this Court. The overruling of the Matthews case by the Mitchell case apparently was overlooked by the Court of Appeal in deciding this case.
In the Mitchell case, the employee's petition claiming compensation was filed in a court of competent jurisdiction within one year after the accident. The defendant was sued as a corporation and citation was served on its alleged president. The suit was dismissed for the reason that the defendant was not a corporation but was an individual using a trade name. Shortly thereafter, a new suit was brought which was more than a year after the accident. Defendant filed a plea of prescription, called peremption, which plea was overruled. The Court of Appeal, in disposing of the so-called plea of peremption, pointed out that Judge Dawkins of the United States District Court for the Western District of Louisiana, formerly a Justice of this Court, declined to follow the Matthews case and specifically held that the filing of a suit under Article 2315 of the Civil Code, dismissed for misjoinder of parties, had the effect of interrupting the running *Page 452 
of prescription, and he maintained a second suit on the same cause of action, although filed more than one year after the death for which damages occurred. Brandon v. Kansas City S. Railway Co., D.C., 7 F. Supp. 1008. In its opinion in the Mitchell case, the Court of Appeal also discussed the case of Brister v. Wray Dickinson Co., Inc., as well as the Matthews case. We quote from the opinion as follows [196 So. 394]:
"The first suit by plaintiff was surely a `proceeding' begun in the manner outlined in Sec. 18 of the Workmen's Compensation Law. It was filed long before the expiration of the year following the accident. But appellee would entirely efface from consideration the fact that a prior suit on the same cause of action had been filed, and argues that as the limitation contained in said Sec. 31 is one of peremption, not prescription, and the present suit being filed more than one year after said accident and injury, that plaintiff's action is dead — no longer exists. To support this position the recent case of Brister v. Wray Dickinson Co., Inc., 183 La. 562, 164 So. 415, and cases therein cited, is relied upon.
"The court in the Brister case held squarely that said Sec. 31 is clearly a statute of peremption. It was as definitely held in Norwood v. Lake Bisteneau Oil Company, 145 La. 823-827, 83 So. 25, 27, that this law `is a statute of limitation, or prescription liberandi causa.' In many other cases it has been likewise referred to. For the purposes of the present case, we deem the distinction unimportant. If a *Page 453 
statute of prescription, the current thereof under certain facts may be interrupted; if a statute of peremption, its term, under like facts, may be tolled.
"It is also held in the Brister case that since fifteen months elapsed in which no compensation payments were made to plaintiff, the injured employee, and no agreement having been entered into for additional payments, the right of plaintiff to recover was `forever barred'; the cause of action `no longer exist (ed); it (was) lost.' (183 La. 562, 164 So. 416). It was also held that payments made after the extinction of the right of action were nothing more than gratuities; that such payments did not and could not have the effect of reviving the `lost' cause of action. That case is not controlling of the present one. The facts are entirely dissimilar.
"It has often been held that Art. 2315 of the Civil Code is a peremption statute, yet we find it has also been held in many cases thereunder that the rules pertinent to amendments of petition and to interruption of prescription generally have been applied therein. Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Smith et ux. v. Monroe Grocery Co. et al., La.App., 171 So. 167, and cases cited therein.
"In Vernon v. Illinois Central Railway Company, 154 La. 370, 97 So. 493, it was held that a prior suit by the same plaintiff on the same cause of action against the railway company while being operated by the Director General, interrupted prescription on the claim and the court maintained the latter suit against the Director General *Page 454 
only which was filed more than one year after the death of plaintiff's son. However, the court seems to have considered only the plea of prescription filed therein in the light of Civil Code, Article 3536.
"If a petition in a suit to recover damages for the negligent killing of a person can be amended after the lapse of one year from death so as to relieve it of fundamental defects and cause it to disclose a cause of action not previously made clear, the right to do so must be based upon the legal proposition that the filing of the suit interrupted, or held in suspense, the original term within which the right of action sought to be enforced could be judicially asserted. There seems no escape from the conclusion that the filing of the defective petition in such a case automatically produces a definite result as regards the question of limitation, which result subsists co-extensively with the pendency of the suit. It does not follow, it seems to us, that this result would or should be effaced completely, cease to exist for all purposes, in case the suit is dismissed after being amended or without such being done. It would seem illogical, at least, to assert that on account of the interruption or suspension of the limitation by filing a defective petition, that the benefits flowing therefrom may be availed of by indirection only.
"It does not appear that the question presented herein has been passed upon by the Supreme Court of this state; nor has that court considered such a question in connection with Art. 2315 of the Civil Code. *Page 455 
"This court in Matthews v. Kansas City Southern Railway Company, 10 La.App. 382, 120 So. 907, held: `Running of the peremption period of one year under Rev.Civ. Code, Art. 2315, in which to commence action to recover damage sustained by survivors by reason of death, was not tolled by commencement of an action in federal court within one year and subsequent dismissal and recommencement of an action in state court more than a year after the death, in that article 3518 was inapplicable to period of peremption which controls rather than prescription of one year under article 3536.'
"We do not know whether a writ of review was applied for in that case or not. * * *
"We feel impelled to overrule the Matthews case in the respect above mentioned, as not correctly reflecting the law of this state on the subject."
In the case of Carpenter v. E.I. Dupont De Nemours Co., the Court of Appeal for the First Circuit, observing that the Workmen's Compensation Law should be liberally construed in favor of the employee, held that where an employer, with knowledge of the employee's disabling injury, continued to pay the employee's wages for performing lighter services than he was performing prior to his injury, such payments prevented the running of prescription against the employee's claim for compensation. Carpenter v. E.I. Dupont De Nemours Co., La.App., 194 So. 99.
While in the Brister case this Court explained the difference between statutes of *Page 456 
prescription and statutes of peremption, the explanation was not necessary for the decision. In that case the claimant had allowed fifteen months to elapse without receiving any compensation and without taking legal action of any kind. The court therefore was not called upon to make any real distinction between prescription and peremption as under such circumstance, in whatever classification the delay for bringing the suit might be placed, more than one year had elapsed without the claimant doing any act that would interrupt prescription or defeat peremption.
Neither this Court in the Brister case, nor the Court of Appeal in the present case referred to the case of Norwood v. Lake Bisteneau Oil Company, 145 La. 823, 83 So. 25, where this Court held that Section 31 of Act 1914 is a statute of prescription and not of peremption. In disposing of this question, the Court, at page 827 of the opinion in 145 La., at page 27 of 83 So., used the following language: "Defendant's argument that section 31 of Act No. 20 of 1914 is not a statute of prescription, but an absolute bar to an action not begun `within one year,' has no merit. The law referred to is a statute of limitation, or prescription liberandi causa."
For the purposes of the discussion in this case it is unimportant whether the period of limitation of one year fixed by Section 31 of the statute for filing the suit be considered a statute of peremption or a statute of prescription. As pointed out in the dissenting opinion filed in the Court of Appeal,4 So.2d 24, 26, "in either case, the plaintiff has done all that could be reasonably required of him under Section *Page 457 
18 to have his claim adjudicated by a court of competent jurisdiction."
The suit filed by plaintiff in Gregg County, Texas, after he had been denied relief by the Industrial Accident Board of Texas, was filed at the domicile of the plaintiff's employer, or his representatives, within a year after the accident. It appears that the Texas court did not dismiss plaintiff's suit because it was without power to adjudicate on his claim, but solely for the reason of the policy of the courts of that state not to pass upon cases arising under the Louisiana Workmen's Compensation Law. The suit instituted in the District Court of Caddo Parish, prior to the dismissal by the Texas court of the suit filed in that State, fully complied with the terms of Section 18 of the statute. The contract of employment was entered into in Caddo Parish and plaintiff alternately performed work in that parish for his Texas employer. The insurance company, as it had done in the Texas court, excepted to the jurisdiction of the Caddo District Court ratione personae. It can not be disputed that if service of citation could have been made on the employer or his executors in Caddo Parish, the district court of that parish would have had jurisdiction to consider the claim and render a valid judgment. Therefore, it was not because of lack of jurisdiction in that court that plaintiff's suit was dismissed, but because the plaintiff was unable to obtain service upon the executors of his employer's estate. The failure of plaintiff to obtain citation on the executors of his employer's estate does not change the fact that he filed the suit in a court of competent jurisdiction. *Page 458 
The author of the dissenting opinion filed in this case made the following appropriate comment upon the provision requiring the claimant for Workmen's Compensation to file suit on the claim within one year, viz:
"* * * The purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claim on the part of an employee where he fails to bring his suit within the fixed period.
"In this suit, none of the foregoing reasons for barring plaintiff's claim on account of the lapse of the peremptive period exists, but on the contrary, plaintiff has not only continued to press his claim, but he has informed both his employer and the insurance company in the Texas court by proper citation as to the amount and nature of his claim, and in the second suit in Caddo Parish, the insurance company was again served with citation and informed of the amount and nature of his claim. Under Sections 23 and 24 of the Compensation Act, the insurer of the employer is primarily liable with the employer for the payment of compensation and a proceeding brought against either in a competent court would prevent the *Page 459 
running of the prescriptive or peremptive period. Moreover the insurer can be sued in any court having jurisdiction over the employer and the insurer is limited to defenses which may be made by the employer. It therefore seems to me that the defendant insurance company is in no position to prevent plaintiff from having his claim heard and adjudicated as the insurance company has been sued and informed of the amount and nature of plaintiff's claim in three courts which had jurisdiction to pass on the claim if in the first suit the Texas court had seen fit to entertain jurisdiction and in the second suit in Caddo Parish, if service could have been made on the employer or his representatives; and, admittedly, the District Court of East Baton Rouge Parish has jurisdiction to adjudicate the matter."
Our conclusion is that plaintiff has substantially complied with Section 18 of Act 20 of 1914, as amended, so as to keep alive his claim for compensation up to the time he filed this suit against the insurance company in the District Court for the Parish of East Baton Rouge, notwithstanding more than one year elapsed from the date of the accident to the date of filing the suit.
For the reasons assigned, the judgment of the Court of Appeal is annulled, and it is now ordered that the plea or exception of peremption herein filed by the defendant, Traders General Insurance Company, is overruled and the case is remanded to the district court for further proceedings consistent with the views herein expressed. Defendant is to pay the costs of appeal and of this proceeding, all *Page 460 
other costs to await the final disposition of the case.