## THOMPSON v. GALLIEN et al.

### No. 10095.

Circuit Court of Appeals, Fifth Circuit.

April 29, 1942.

As Amended May 30, 1942.

Rehearing Denied June 2, 1942.

F. G. Hudson, Jr., of Monroe, La., and Thos. F. Porter, of Lake Charles, La., for appellant.

Charles C. Jaubert, of Lake Charles, La., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Oneal Gallien was fatally injured when the automobile, in which he was riding as a guest, collided with a freight car used by the appellant as reorganization trustee of the Missouri Pacific Railroad Company. This suit was brought by the minor children of the deceased, through their legal representatives, to recover damages from the appellant for the alleged wrongful death of their father. The cause was submitted to the court without a jury, and resulted in a

judgment for the appellees, from which the trustee has appealed.

It is contended that the action should have been dismissed because jurisdiction over the person of the defendant therein was never properly acquired; and because the suit was filed more than one year after the death of the deceased, and at a time when the cause of action was extinguished by statutory peremption and the remedy barred by statutory prescription. The accident occurred shortly before dawn on August 7, 1938, and Gallien died two days later. Within one year thereafter, suit was filed by the appellees against the Missouri Pacific Railroad Company. In that suit attempts were made, more than one year after the cause of action accrued, to join the trustee as a party defendant; but a valid service of process was never had upon him, and the suit was dismissed.

On December 18, 1939, appellees filed this suit in a state court of Louisiana against the trustee, and the process issued for the trustee was served upon the Secretary of State of Louisiana. The cause was removed to the federal court, and a motion to dismiss was filed on the ground that the service of process upon the Secretary of State was illegal and no jurisdiction over the person of the defendant was thereby obtained. On April 22, 1940, appellees, in an ex parte proceeding, were granted leave to file a supplemental petition praying service of process upon the person who had just been designated by the trustee as his resident agent for the service of process. The trustee then filed a supplemental motion to dismiss, contending that the ex parte order was untimely, improper, and irregular, and that the complaint showed on its face that it was barred by the statute of limitations. Both motions to dismiss were overruled.

■ If the ex parte order was proper, the valid service of process upon the trustee thereunder conferred jurisdiction upon the court below over the person of the trustee. Appellant's brief contains no argument or citation of authority in support of its attack upon the order, and we find no merit in his contentions in regard thereto. When the order was granted, the appellant had entered his appearance solely for the purpose of contesting the jurisdiction of the court on the ground that he had not been validly served with process. If that appearance was general for all purposes, or if jurisdiction as to his person had been acquired by the service upon the Secretary of State, no prejudice resulted to him from the later proceedings undertaken to acquire that which already was had. If his appearance was special only, and if the prior service was void, then appellant was not then a party to the suit, and the proceedings could not have been other than ex parte.

■ The service of process is a step essential to the exercise of jurisdiction by a court. If the court had jurisdiction of the subject matter of the suit, it was its proper function to issue its process, repeatedly and in various forms if need be, to compel any one within the bounds of its jurisdiction to submit thereto. Therefore, unless the cause of action sued upon had ceased to exist by virtue of peremption or had become barred by prescription, the motions to dismiss properly were overruled.

Article 2315 of the Louisiana Civil Code, under which this action was brought, vests a right of action in the surviving children of the deceased, in cases of wrongful death, for the space of one year from the death. This suit was not brought within the one-year period, but it is claimed that the filing of the original suit against the railroad company operated to toll the running of the statute with the result that this suit was filed within the required period.

■ Act 39 of the Louisiana Legislature of 1932 provides that the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon against all defendants. Although the limitation imposed by Article 2315 has been held to be peremptive rather than prescriptive,[1] the courts of the state in several instances have held the limitation to be interrupted in cases of peremption and prescription alike, under circumstances and in language indicating that the filing of suit interrupts the running of the limitation without regard to whether it is peremptive or prescriptive.[2] Moreover, Act 39 relates to "prescriptions

[1] Matthews v. Kansas City Southern R. Co., 10 La.App. 382, 120 So. 907; Mitchell v. Sklar, La.App., 196 So. 392. But see 9 Tulane Law Review, 285.

[2] Brandon v. Kansas City Southern Ry. Co., D.C., 7 F.Supp. 1008; Blume v. City of New Orleans, 104 La. 345, 29 So. 106; Smith v. Monroe Grocery Co., La.App., 171 So. 167; Vernon v. Illinois Cent. R. Co., 154 La. 370, 97 So. 493; Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Mitchell v. Sklar, La.App., 196 So. 392.

affecting the cause of action." Since peremption affects the cause of action and prescription only affects the remedy, it may well be that the legislature intended by this Act to apply the same principle of law to peremptions that the courts long had been applying to prescriptions, thereby erasing any distinction between them in this regard.

Whether the suit brought against the railroad company operated to interrupt the running of the statute as to the suit now before us, therefore, turns upon whether there was sufficient identity between the parties defendant in the respective suits to make it plain that the appellant was reasonably put on notice, prior to the elapse of a year after the occurrence of the event giving rise to the suit, that the adverse parties intended to attempt to enforce whatever cause of action they might have by reason thereof.[3] The suits here involved were brought by the same plaintiffs upon the same cause of action, the difference being that the first was against the railroad company and the second against the trustee who stood in the shoes of the corporate debtor by virtue of appointment under the Bankrutpcy Act.

In the case of Vernon v. Illinois C. R. Co., 154 La. 370, 97 So. 493, the Supreme Court of Louisiana held that a suit by Mrs. Vernon against the railroad company for damages for the wrongful death of her son, in which service was obtained upon the Director General of Railroads, had the effect of interrupting the prescription as to a later suit by the same plaintiff upon the same cause of action against the Director General. In Succession of Saunders, 37 La.Ann. 769, 772, it was held that a suit against a person in his individual capacity interrupted prescription in regard to the suit of the same plaintiff upon the same cause of action brought against that person in his representative capacity. Cf. also Brandon v. Kansas City Southern Ry. Co., D.C., 7 F.Supp. 1008.

■ It is not contended that the trustee had no notice of the suit against the corporate debtor. The same attorney represented both the railroad and the trustee, and conducted negotiations with reference to the suit against the railroad prior to the

expiration of the period of limitation and at a time when all authority to proceed with suits by and against the corporation was vested by the Bankruptcy Act in the trustee.[4] Under these circumstances we think appellant had such notice as was required by the law of Louisiana, and that this suit was neither perempted nor prescribed by the limitation contained in Article 2315 of the Louisiana Civil Code.[5]

On the merits appellant contends that his motion for an involuntary dismissal should have been sustained because the evidence failed to show that he was guilty of any negligence, and because it was clearly proved that the decedent was guilty of contributory negligence. It is also asserted that many of the facts found by the trial court, which contributed to its judgment, were wholly unsupported by the evidence.

The evidence for the plaintiff below may be briefly summarized. The deceased, his brother, and a young lady left the Paradise Inn in Lake Charles, Louisiana, about 4 o'clock on the morning of August 7, 1938, to drive to Beaumont, Texas, whence they had come earlier in the evening. They were traveling in a coupe, with the brother driving, the lady in the middle, and the deceased seated at her right, when they passed down Front Street in Lake Charles. This was a wide, paved street alongside which ran a railroad track owned by appellant, upon which there was parked a freight car. The track was close to the pavement, and the side of the freight car extended over the pavement several inches.

As the automobile proceeded along the street at a legal rate of speed, the driver suddenly was blinded by the lights of an approaching automobile. He turned abruptly to the right and partially off the pavement to avoid a collision, being unaware of the presence of the freight car. No one was able to see the box car until it loomed up in the darkness only ten feet in front of the automobile. The brakes were promptly applied, but it was too late, and the right side of the car crashed into the left side of the box car. The deceased was asleep until the very moment of impact, and he sustained injuries that caused

[3] Vernon v. Illinois Central R. Co., 154 La. 370, 97 So. 493; Callender v. Marks, 185 La. 948, 171 So. 86; Norwich Union Indemnity Co. v. Judlin & Whitmire, 7 La.App. 379; Flower v. O'Connor, 17 La. 213, 219.

[4] 11 U.S.C.A. § 205, sub. c. (2).

[5] Vernon v. Illinois Central R. Co., 154 La. 370, 97 So. 493; Mitchell v. Sklar, La.App., 196 So. 392; Brandon v. Kansas City Southern Ry. Co., D.C., 7 F. Supp. 1008; Act 39 of the Louisiana Legislature of 1932.

his death: None of the occupants of the car was intoxicated, and the driver had drunk nothing except a bottle of beer four hours earlier.

This was the substance of the testimony of the two surviving occupants of the car, and it was corroborated in part by other witnesses, none of whom was impeached. Defense witnesses offered contradictory testimony, but the conflict was resolved in favor of the appellees by the trial judge, who tried the case without a jury, and his findings in this respect are not clearly erroneous.

The railroad company had a lawful right, under a written agreement with the city, to maintain the track and operate its trains thereon, but it had no right to park its freight car alongside the highway at night without taking precautions to warn the public of its presence. The hazard attendant to parking any vehicle upon or adjacent to a highway at night without lights or other warning has long been recognized, and appellant was guilty of negligence but for which the accident would not have occurred. Under the findings made by the trial court, no contributory negligence could be imputed to the decedent.

We find no reversible error in the record, and the judgment is affirmed.